JAMES ALBERT CARTER, APPELLANT, *v.*
STATE OF NEVADA, RESPONDENT.

No. 4515

February 25, 1963

378 P.2d 876

[Rehearing denied March 19, 1963]

*Nada Novakovich,* of Reno, and *Robert R. Gill,* of Ely, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, and *A. D. Demetras,* White Pine District Attorney, Ely, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The district court found Carter to be a habitual criminal and sentenced him to the Nevada State Penitentiary for a term of not less than 10 nor more than 15 years. NRS 207.010(1); NRS 176.180(2). Carter claims that the sentence is illegal because the record does not establish that he had twice previously been convicted of any crime which, under the laws of Nevada, would amount to a felony. NRS 207.010.

The state proved that Carter had previously been convicted in the State of Oregon of the separate felony crimes of polygamy and larceny by bailee. We must decide whether the Oregon offense of larceny by bailee would, if committed in Nevada, constitute a felony under Nevada law.[1] It is the state's position that had Carter perpetrated the offense here, the felony of embezzlement would have occurred. NRS 205.300. On the other hand, Carter argues that such offense, had it occurred in this state, would have been a gross misdemeanor under NRS 205.345.

The Oregon charge (to which Carter pleaded guilty) reveals that he (Carter) was alleged to be in possession of a Bendix washer by virtue of a written conditional sales contract, and that he feloniously failed to deliver,

---

[1]Other errors were assigned, but need not be determined.

keep and account for the same. Such charge, under Oregon law, is labeled "larceny by bailee." The inception of the Oregon occurrence was an ordinary business transaction, a conditional sale. A debtor-creditor relationship was established. Later, because of conduct by Carter (the precise nature of which we do not know), a public offense occurred. Had his conduct happened in Nevada, perhaps NRS 205.345 dealing specifically with conditional vendees (and others) who, with intent to defraud the conditional vendor, sell, remove, conceal or destroy the property conditionally sold, would apply. However, one convicted under that statute is guilty of a gross misdemeanor. Though the state is willing to acknowledge the probable application of NRS 205.345 had the crime been committed here, it nonetheless insists that the circumstances also come within the statute defining the felony crime of embezzlement. NRS 205.300. We do not think so.

In brief, the embezzlement statute speaks of a "bailee" who converts or misappropriates money, goods, or property to his own use.[2] The term "bailee" is defined. We

---

[2] "NRS 205.300

"1. Any bailee of any money, goods or property, who shall convert the same to his own use, with the intent to steal the same or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership; or any person with whom any money, property or effects shall have been deposited or entrusted, who shall use or appropriate such money, property or effects or any part thereof in any manner or for any other purpose than that for which the same was deposited or entrusted, shall be guilty of embezzlement, and shall be punished in the manner prescribed by law for the stealing or larceny of property of the kind and name of the money, goods, property or effects so taken, converted, stolen, used or appropriated.

"2. Any use of the money, goods or property by any bailee thereof, other than that for which the same was borrowed, hired, deposited, carried, received or collected, shall be prima facie evidence of conversion and of intent to steal the same and defraud the owner or owners thereof.

"3. The term 'bailee' as used in this section, shall be construed to include and mean all persons with whom any money, goods or property has been deposited and all persons to whom any goods or property has been loaned or hired, and all persons to whom any goods or property shall be delivered, for any purpose whatsoever, and all persons who shall, either as agent, collector or servant, be empowered, authorized or entrusted to carry, collect or receive any money, goods or property of another."

have heretofore recognized that the embezzlement statute is limited to cases in which there is a relation of trust or confidence. State v. Monahan, 50 Nev. 27, 37, 249 P. 566, 569 (dicta) ; State v. Trolson, 21 Nev. 419, 423, 32 P. 930, 931 (dicta) ; State v. Rothrock, 45 Nev. 214, 225, 200 P. 525 (dicta). In each cited case, the relationship of trust or confidence was found to exist. In *Monahan* and *Trolson* the convictions were affirmed. In *Rothrock* the conviction was reversed on other grounds. Indeed, in every Nevada case we have found involving the affirmance of a conviction for embezzlement, that relationship was present. State v. Monahan, supra; State v. Trolson, supra; Ex parte Ricord, 11 Nev. 287; State v. Carrick, 16 Nev. 120; Wood v. State, 76 Nev. 312, 353 P.2d 270. Nor have we been directed to a case where, under a statute substantially the same as ours, a conviction for embezzlement has been held proper, absent a relationship of trust or confidence. Conversely, this court in State v. Weber, 31 Nev. 385, 103 P. 411, reversed an embezzlement conviction where the record did not show that the money, which the defendant allegedly embezzled, had been "intrusted" to him and, in breach of that trust, he had refused to deliver it to the rightful owner upon demand.

A conditional sales contract does not either create or rest upon a relationship of trust or confidence, as those words are used in the law. The contracting parties look to the provisions of their agreement for protection and the enforcement of rights and correlative duties. In the event of breach, criminal (as well as civil) sanctions may be imposed if a criminal intent is found to exist. However, the core of the charge is the breach of an agreement coupled with a criminal intent; it is not the breach of a relationship of trust and confidence united with a criminal intent. No citation of authority is required for the proposition that criminal statutes are to be strictly construed. We will not liberalize the felony embezzlement statute to embrace conduct which is patently a gross misdemeanor under NRS 205.345 dealing

with the destruction or removal of property upon which a conditional sales contract exists. Therefore, we conclude that the Oregon felony of "larceny by bailee" would not, had it occurred in Nevada, be a felony here. The district court erred in finding Carter to be a habitual criminal.

The primary offense for which Carter was tried and convicted in Nevada was that of an assault with a deadly weapon. The punishment therefor is imprisonment in the state prison for not less than one year, or exceeding two years, or a fine not less than $1,000 nor exceeding $5,000, or to both fine and imprisonment. NRS 200.400 (2). The judgment and sentence of Carter as a habitual criminal is reversed. The cause is remanded with direction to pronounce a sentence as prescribed by NRS 200.400(2), nunc pro tunc as of December 9, 1961, thereby giving Carter credit for time served under the erroneous sentence.

During trial, Carter was represented by court appointed counsel. NRS 174.120. Such counsel chose to appeal to this court and is entitled to recover the enlarged compensation provided for by NRS 7.260(4). He associated co-counsel on the appeal, without obtaining a court order of appointment. Co-counsel asks that we direct the payment of compensation for her services as well. The state does not resist her request. We are satisfied that the trial court would have honored a request for the appointment of co-counsel on appeal, had one been made. Therefore, we direct the lower court to give to each counsel for Carter the certificate specified in NRS 7.260(3). Cf. State v. Nystedt, 79 Nev. 24, 377 P.2d 929.

Reversed and remanded with directions.

BADT, C. J., and McNAMEE, J., concur.