LARRY NORMAN HOWARD, APPELLANT, v. STATE OF NEVADA, RESPONDENT.

No. 5100

January 16, 1967 422 P.2d 548

*Jerry Carr Whitehead* and *Frank J. Fahrenkopf, Jr.,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Robert Gaynor Berry,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

Appellant was found guilty of the crime of attempted robbery, a felony. In an amended information the state alleged appellant to have been previously convicted of three felonies and requested the court to punish him as an habitual criminal as authorized in NRS 207.010[1] at the habitual criminal hearing the appellant contended that he was constitutionally entitled to have a jury trial. The court ruled against him,

---

[1] "207.010 Habitual criminals: Definition; punishment; trial of primary offense.

"1. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who shall previously have been three times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years.

"2. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been three times convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who shall previously have been five times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state prison for life.

"3. In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary

heard the evidence, found him to have been previously convicted of three felonies and sentenced him to life imprisonment. From that ruling and sentence he appeals.

Appellant urges that Article 1, Section 3 of the Nevada Constitution which provides, "The right of trial by Jury shall be secured to all and remain inviolate forever," renders infirm NRS 207.010(4) (see footnote 1). In the alternative he contends that the statute can be constitutionally upheld if the word "court" be construed to mean "judge and jury" rather than "judge" alone. We disagree, approve the ruling and affirm the conviction.

The authorities are in complete agreement that an habitual criminal proceeding does not charge a separate offense, but is held solely to determine facts, which if true, will increase punishment. State v. Bardmess, 54 Nev. 84, 7 P.2d 817 (1932); Carter v. State, 79 Nev. 89, 378 P.2d 876 (1963); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966); Graham v. West Virginia, 224 U.S. 616 (1912); State v. Mayo, 101 So. 228 (Fla. 1924); State v. Furth, 104 P.2d 925 (Wash. 1940); Haffke v. State, 30 N.W.2d 462 (Neb. 1948); Poppe v. State, 52 N.W.2d 422 (Neb. 1952); State v. Morton, 338 S.W.2d 858 (Mo. 1960); State v. Hoffman, 385 P.2d 741 (Ore. 1963); Tyson v. Hening, 136 S.E.2d 832 (Va. 1964). It is not a separate offense to be an habitual criminal, but a status. State v. Hoffman, supra. The hearing is procedural, is not a separate crime, and does not increase punishment of the principal offense for which a defendant is on trial. The statute

offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense.

"4. If a defendant charged under this section is found guilty of, or pleads guilty to, the primary offense, but denies any previous conviction charged, the court shall determine the issue of such previous conviction after hearing all relevant evidence presented on such issue by the prosecution and the defendant. The court shall impose sentence pursuant to subsections 1 and 2 of this section upon finding that the defendant has suffered previous convictions sufficient to support an adjudication of habitual criminality.

"5. Nothing in this section limits the prosecution in introducing evidence of prior convictions for purposes of impeachment.

"6. Presentation of an exemplified copy of a felony conviction shall be prima facie evidence of conviction of a prior felony."

simply allows enlarged punishment for one who cannot be rehabilitated, and who as a recidivist, repeatedly violates the law. Society has the right to remove from its ranks for a longer time those who refuse to conform to a lawful mode of living.

 ██ ██

At the hearing of a person alleged to be an habitual criminal two facts must be proved: (1) identity of the person; and (2) conviction of prior felonies. The state's proof must be beyond a reasonable doubt. Hollander v. State, supra. We hold that the trial judge alone may receive that proof.

 ██ 

The words "trial by jury" referred to in the Nevada Constitution (Art. I, Sec. 3) mean trial as it existed at the common law as of the time of adoption of our state charter. In State v. McClear, 11 Nev. 39 (1876), at page 44, a statement is found having to do with trials by jury and is appropriate: "This provision [Art. I, Sec. 3, Nevada Constitution] has reference to the right of trial by jury as it existed at the time of the adoption of the Constitution, and we are called upon to determine what were the constitutional elements of a jury as understood at that time. It has been frequently decided in many of the older states that the trial by jury contemplated by the constitution is a trial by a common law jury." And at page 52, this court further said: "Cases which before the constitution were not triable, need not be made so now. Parties cannot now be deprived of trial by jury who were entitled to demand it at and before the formation of the constitution. And, on the other hand, cases not having the right at that time to demand a jury, cannot now demand a jury as of right, because of the constitutional provision."

 ██ 

What we have said before relative to the nature of the habitual criminal hearing irresistibly draws us to the conclusion that it is not a "case" in the constitutional sense and appellant has no right to a jury trial. The legislative direction that "the court shall determine the issue" is constitutional.

Judgment affirmed.

THOMPSON, C. J., and ZENOFF, J., concur.