ROBBIE OLAN CRAIG, aka RAYMOND TERRY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5648

March 7, 1969                                    451 P.2d 368

[Rehearing denied March 25, 1969]

*Keith C. Hayes,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Earl Gripentrog,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant fled from a North Las Vegas home in which he incurred a superficial wound from the accidental discharge of

a pistol while tussling with a young woman. Police were called. They conducted a search of the area. Appellant was found crouched under a bush. When arrested he had a pistol in a holster strapped to his body under his shirt. He was convicted of possession of a firearm, having previously been convicted of a felony. An additional sentence of ten years under the habitual offender statute, NRS 207.010(1), was imposed.

1.   Appellant complains that the lawyer assigned to his case from the public defender's office did not adequately represent him. He contends that the assigned lawyer labored under a conflict of interests.

It is apparent that the appellant's choice of words employed is unfortunate. There was a conflict of personalities because appellant did not agree with his counsel on how the defense should be conducted, but his counsel had no conflict of interests. There was clearly adequate defense counsel within the meaning of Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966).

2.   The third count of the information charged that appellant had been convicted of two offenses which were felonies under the laws of Nevada. This count included a reference to a commission of the crimes of robbery and burglary at the time and place of the arrest. The wording is unfortunate because it should refer to the previous felony convictions enumerated in count three which were for robbery and burglary and which occurred in California. But because count three was merely an averment of facts affecting punishment under the habitual offender statute, appellant's contention that an offense was improperly charged fails. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966).

3.   Appellant's contention that he had a right to a jury trial to determine whether the habitual offender penalty should be imposed has been recently considered and rejected by this court and no reason appears for a departure from this precedent. Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967).

Other alleged errors were either not shown by the record or were clearly immaterial.

Craig is an indigent and has been represented by court-appointed counsel. Accordingly, we direct the district court to give counsel the certificate specified in NRS 7.260(3) to

enable him to receive compensation as provided in NRS 7.260(4) for services on appeal.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.