TERRY LEE SCHNEIDER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12450

November 3, 1981                                    635 P.2d 304

*Morgan D. Harris,* Public Defender; *Thomas L. Leen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Appellant Schneider appeals from his conviction of burglary and his sentence of life imprisonment without possibility of parole as an habitual offender.

The only substantial issue before us on this appeal is whether the trial court erred in refusing to allow appellant eight peremptory challenges by reason of his being subject to imprisonment for life as an habitual offender.

NRS 175.051[1] provides that if the "offense charged" is punishable by death or life imprisonment the accused is entitled to eight peremptory jury challenges; if the offense charged is punishable for any other term, the accused is entitled to only four peremptory challenges. The "offense charged" in this prosecution is burglary, which is not punishable by death or life imprisonment. Therefore, appellant is entitled to four peremptory challenges, not eight.

A person having three previous felony convictions is subject to a criminal enhancement sentence of life imprisonment upon conviction of a fourth felony. NRS 207.010.[2] Because this

---

[1]NRS 175.051 provides as follows:

> 175.051 Number of peremptory challenges.
>
> 1. If the offense charged is punishable by death or by imprisonment for life, each side is entitled to eight peremptory challenges.
>
> 2. If the offense charged is punishable by imprisonment for any other term or by fine or by both fine and imprisonment, each side is entitled to four peremptory challenges.
>
> 3. The state and the defendant shall exercise their challenges alternately, in that order. Any challenge not exercised in its proper order is waived.

[2]NRS 207.010, in pertinent part, provides as follows:

> 207.010 Habitual criminals: Definition; punishment; trial of primary offense.
>
> * * *
>
> 2. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who has previously been three times convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who has previously been five times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state prison for life with or without possibility of parole. * * *
>
> 3. Conviction under this section operates only to increase, not to reduce, the sentence otherwise provided by law for the principal crime.
>
> 4. It is within the discretion of the district attorney whether or not to include a count under this section in any information, . . . .

fourth conviction of appellant would subject him to a life sentence, he argues that it was error not to permit him to exercise the eight challenges provided in NRS 175.051(1).

The answer to appellant's argument is that adjudication under the habitual criminal statute constitutes a status determination and not a separate offense. *See, e.g.,* Hollander v. Warden, 86 Nev. 369, 373, 468 P.2d 990, 992 (1970); Lisby v. State, 82 Nev. 183, 189, 414 P.2d 592, 595 (1966). Therefore, the only "offense charged" is that of burglary.

The foregoing reasoning is supported by the courts of jurisdictions with statutory schemes similar to ours. Cases upholding the rule that habitual offender proceedings do not control the number of peremptory challenges allowed include the following: Tatum v. United States, 330 A.2d 522 (D.C.App. 1974); Inmon v. State, 383 So.2d 1103 (Fla.App. 1980); State v. Boyd, 481 P.2d 1015 (Kan. 1971), *cert. denied,* 405 U.S. 927 (1972); People v. Ross, 269 N.W.2d 532 (Mich.App. 1978); Yates v. State, 396 So.2d 629 (Miss. 1981); State v. Watkins, 272 N.W.2d 839 (S.D. 1978).

Other points raised in this appeal are without merit. The judgment of the trial court is affirmed.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and O'DONNELL, D. J.,[3] concur.