LESTER J. PARKERSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13946

March 30, 1984                    678 P.2d 1155

*David G. Parraguirre,* Public Defender, and *Jane McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills B. Lane,* District Attorney, and *Michael L. Mahaffey,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant entered pleas of guilty to several counts of forgery and uttering a forged instrument. At sentencing, the district court found him to be an habitual criminal within the meaning of NRS 207.010, and sentenced him to life in prison with the possibility of parole. On appeal, Parkerson raises various challenges to the validity of the habitual criminal proceeding and sentence, and argues that two of the asserted errors affect the voluntariness of his pleas to the underlying felony offenses.[1] We find no merit to the challenges and affirm the judgment of conviction.

---

[1] Appellant does not challenge the validity of his guilty pleas on grounds unrelated to the habitual criminal proceeding.

Appellant argues that NRS 207.010, Nevada's habitual criminal statute, violates the state and federal constitutions by failing to provide for a trial by jury on the issue of habitual criminality. We disagree. As we have consistently held, habitual criminality is not a crime but a status. Although an allegation that a defendant falls within the purview of the habitual criminal statute is typically included in the charging document, as it was below, such an allegation does not charge a separate, substantive criminal offense, and an habitual criminal proceeding is conducted only to determine whether an enhancement of punishment is warranted for a defendant's status as a recidivist. *See* Schneider v. State, 97 Nev. 573, 635 P.2d 304 (1981); White v. State, 83 Nev. 292, 429 P.2d 55 (1967); Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967). *See also* Carr v. State, 96 Nev. 936, 620 P.2d 869 (1980). Since an habitual criminal determination is only an adjudication of status, not of guilt, the right to trial by jury does not attach. White v. State, *supra;* Howard v. State, *supra.*[2]

Appellant also contends that the district court was without jurisdiction to sentence him as an habitual criminal because, although he had pleaded guilty to the underlying felony offenses, he had not entered a formal "plea" to the "charge" of habitual criminality alleged in the information. As we have just noted, however, an habitual criminal allegation does not charge a substantive criminal offense. It is included in the charging document merely to provide notice to the defendant that the state is seeking enhancement of penalty. *See* NRS 207.010(4), (5). *See also* Oyler v. Boles, 368 U.S. 448, 452 (1962) (requiring reasonable notice, as a matter of due process, of state's intent to seek habitual criminal determination). Since an allegation of habitual criminality does not charge a crime, a sentence may be imposed thereon in the absence of a formal guilty plea. *See* State v. Biggles, 235 N.W.2d 112 (Iowa 1975). *See also* State v. Hanna, 277 N.W.2d 605 (Iowa 1979).

Appellant also argues that his pleas of guilty to the underlying felony offenses were not knowingly and voluntarily entered because he was not fully aware of the consequences of pleading guilty. Specifically, appellant contends that he was unaware of the "elements" of the "offense" of habitual criminality. We reject this contention.

---

[2]Since appellant had no right to a jury trial on the issue of habitual criminality, his derivative argument that the record fails to reflect a knowing and intelligent waiver of that right is without merit.

At an habitual criminal proceeding, the state must prove the existence of the required number and type of prior convictions, as well as the defendant's identity as the person named in the prior judgments. *See* NRS 207.010. Since habitual criminality is not a criminal offense, however, these matters are not "elements" in the traditional sense. When a defendant against whom an habitual criminal allegation has been filed enters pleas of guilty to the underlying felony offenses charged in the information or indictment, the court need not conduct a formal canvass regarding the matters the state must prove at the habitual criminal proceeding. The allegation puts the defendant on notice that the state will attempt to prove that he or she is the person who has suffered the prior convictions as set forth in the allegation. The court must determine, however, and the record must affirmatively show, that the defendant understands that an habitual criminal determination and an ensuing life sentence may be a consequence of his or her plea. We believe this would satisfy the constitutional requirement of reasonable notice, *see* Oyler v. Boles, *supra,* as well as ensure that the defendant fully understood the consequences of pleading guilty. *See* Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981).

The record in this case affirmatively shows that appellant was aware at the time of entry of his pleas that the state was seeking a finding of habitual criminality, and that a life sentence was a possible consequence of his pleas. Accordingly, we see no merit in this claim that the pleas were not knowingly and voluntarily entered.[3] We have likewise considered appellant's final assignment of error and found it to be meritless.

Appellant's various challenges to the habitual criminal proceedings and sentence, and to the voluntariness of his pleas of guilty to the underlying offenses, are without merit. It has come to our attention that the judgment of conviction includes one count of the information, Count V, to which appellant pleaded guilty in a separate proceeding and which is included in that proceeding's resultant judgment. To correct what is obviously a clerical error, we hereby modify the judgment of conviction to delete Count V. As modified, the judgment is affirmed.

---

[3]Appellant asks us to follow the recent decision of People v. Brownridge, 325 N.W.2d 125 (Mich. 1982), in which the Supreme Court of Michigan held that the formal plea canvass required for pleas to substantive offenses had to be conducted with respect to an habitual criminal allegation. *Brownridge* is easily distinguishable from the instant case, however, as Michigan law provides that habitual criminality is a "charge" upon which the accused has the statutory right to be "tried" by a jury. *See* 325 N.W.2d at 126-27.