134 Nev., Advance Opinion 98

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

GLENN MILLER DOOLIN,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS,
Respondent.

No. 73698-COA

FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Chief Judge.

*Affirmed.*

Glenn Miller Doolin, Indian Springs,
in Pro Se.

Adam Paul Laxalt, Attorney General, and Jessica E. Perlick, Deputy Attorney General, Carson City,
for Respondent.

---

BEFORE SILVER, C.J., TAO and GIBBONS, JJ.

*OPINION*

PER CURIAM:

The issue presented in this appeal is whether an offender may have statutory credit earned pursuant to NRS 209.4465 applied to the

---

[1]This appeal has been submitted for decision without oral argument. NRAP 34(f)(3).

offender's parole eligibility and minimum term for a sentence imposed pursuant to NRS 207.010. We conclude that both the sentence and category of conviction are enhanced when an offender is adjudicated a habitual criminal pursuant to NRS 207.010. And because such an adjudication will always enhance a conviction for a lower category felony to either a category A or B felony, we hold NRS 209.4465(8)(d) precludes application of statutory credit to an offender's parole eligibility and minimum term for a sentence imposed pursuant to NRS 207.010. Because Glenn Miller Doolin was adjudicated a habitual criminal pursuant to NRS 207.010(1)(a), we conclude the district court correctly determined Doolin was not entitled to the application of credit to his parole eligibility and minimum term. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

Doolin was convicted of grand larceny of a motor vehicle, a category C felony, *see* NRS 205.228(2), and possession of burglary tools, a gross misdemeanor, *see* NRS 205.080(1), for crimes he committed in 2012. For the grand larceny of a motor vehicle count, the district court adjudicated Doolin a habitual criminal and sentenced him, pursuant to the small habitual criminal enhancement, to a prison term of 60 to 150 months. *See* NRS 207.010(1)(a). The district court also sentenced Doolin to serve a consecutive term of 12 months in the Clark County Detention Center for his possession of burglary tools conviction.

Doolin filed a postconviction petition for a writ of habeas corpus and supplemental petition in which he challenged the computation of time served for his prison sentence. Doolin claimed the Nevada Department of Corrections has failed to apply statutory credit toward his parole eligibility

Court of Appeals
of
Nevada

(O) 1947B

and minimum term. The district court concluded Doolin was not entitled to relief and denied the petition. This appeal follows.

*ANALYSIS*

Doolin claims the district court erred by finding he is not entitled to have the statutory credit he has earned applied to his parole eligibility and minimum term. He asserts the exclusion in NRS 209.4465(8)(d) does not apply to him because, although he was *punished* as a category B felon under the habitual criminal statute, he was only *convicted* of a category C felony.

Doolin observes that NRS 209.4465(8)(d) excludes the application of statutory credit to the parole eligibility and minimum term for a sentence for an offender who is *"convicted* of: . . . [a] category A or B felony" (emphasis added), but NRS 207.010(1)(a) states that an offender who is adjudicated a habitual criminal "shall be *punished* for a category B felony" (emphasis added). Doolin urges this court to conclude that the Legislature's use of *convicted* in NRS 209.4465(8)(d) and *punished* in NRS 207.010(1)(a) indicate NRS 209.4465(8)(d) was not intended to preclude the application of statutory credit to a sentence imposed pursuant to NRS 207.010. *See Williams v. State Dep't of Corr.*, 133 Nev. ___, ___, 402 P.3d 1260, 1264 (2017) (stating courts "must presume that the variation in language indicates a variation in meaning").

Doolin asserts *Howard v. State*, 83 Nev. 53, 422 P.2d 548 (1967), and *Parkerson v. State*, 100 Nev. 222, 678 P.2d 1155 (1984), support such a conclusion. *Howard* and *Parkerson* state the habitual criminal enhancement is not a separate offense and only acts to increase an offender's punishment. *Howard*, 83 Nev. at 56, 422 P.2d at 550; *Parkerson*, 100 Nev. at 224, 678 P.2d at 1156. Doolin argues *Howard* and *Parkerson*

thus imply that sentencing under the habitual criminal enhancement does not equate to a conviction. He further argues that this, in turn, means imposition of the habitual criminal enhancement does not alter the category of felony he was convicted of committing, and he is entitled to application of statutory credit toward his parole eligibility and minimum term as an offender convicted of a category C felony.

The ultimate question we must answer is whether NRS 209.4465(8)(d) precludes an offender sentenced pursuant to NRS 207.010 from having statutory credit applied to his or her parole eligibility and minimum term for that sentence. To answer this question, we must first decide whether habitual criminal adjudication pursuant to NRS 207.010 enhances both the sentence and category of conviction, i.e., whether an offender who is "punished for a category B felony" under NRS 207.010(1)(a) is also *convicted* of a category B felony. The resolution of this issue is a matter of statutory interpretation.

"Statutory interpretation is an issue of law subject to de novo review." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). The goal of statutory interpretation "is to give effect to the Legislature's intent." *Id.* To ascertain the Legislature's intent, we first focus our inquiry on the statute's plain language, "avoid[ing] statutory interpretation that renders language meaningless or superfluous." *Id.* "[W]henever possible, [we] will interpret a rule or statute in harmony with other rules or statutes." *Watson Rounds v. Eighth Judicial Dist. Court*, 131 Nev. 783, 789, 358 P.3d 228, 232 (2015) (internal quotation marks omitted). "[W]hen a statute's language is clear and unambiguous, the apparent intent must be given effect, as there is no room for construction." *Edgington v. Edgington*, 119 Nev. 577, 582-83, 80 P.3d 1282, 1286 (2003).

Doolin is correct in that the statutes he compares use different language and the habitual criminal enhancement is not considered a separate conviction apart from the underlying offense, *see Howard*, 83 Nev. at 56, 422 P.2d at 550. However, Doolin's argument that habitual criminal adjudication does not enhance the category of felony an offender is convicted of fails to consider NRS Chapter 207's overall habitual criminal scheme and, in particular, ignores a key provision that governs the imposition of the habitual criminal enhancement.

Pursuant to NRS 207.010(1)(a), offenders sentenced under the small habitual criminal enhancement are "punished for a category B felony." Similarly, NRS 207.010(1)(b) states that offenders sentenced under the large habitual criminal enhancement are "punished for a category A felony." Although NRS 207.010 uses the word *punished*, NRS 207.016(1) states "[a] *conviction* pursuant to NRS 207.010 . . . operates only to increase, not to reduce, the sentence otherwise provided by law for the principal crime" (emphasis added). Thus, NRS 207.016(1) states an offender who has been sentenced under NRS 207.010 has been convicted under NRS 207.010. Reading NRS 207.010 and NRS 207.016(1) in harmony, we conclude the plain language of those statutes demonstrates the Legislature intended for both the sentence and category of conviction to be enhanced when an offender is adjudicated a habitual criminal pursuant to NRS 207.010.

This conclusion is not contrary to, and does not alter, prior decisions explaining that the habitual criminal enhancement is not a separate offense, but rather a status that "allows enlarged punishment," *Howard*, 83 Nev. at 57, 422 P.2d at 550, because the enhancement of the category of conviction does not change the elements of the underlying crime

or create a new crime; rather, it only operates to increase the punishment for a recidivist. This is consistent with the Legislature's approach to other criminal enhancements that are based on prior convictions, such as the enhancements for battery constituting domestic violence and driving under the influence. For each of those crimes, an offender's sentence and category of conviction may be enhanced following submission of evidence of the offender's prior criminal convictions. *See* NRS 200.485(1)(a)-(c); NRS 484C.400(1)(a)-(c).

Because we conclude the meaning of the statutory language in NRS 207.010 and NRS 207.016 is plain, there is no need to look to legislative history. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (stating courts should look to legislative history when the statute is ambiguous, i.e., "when the statutory language lends itself to two or more reasonable interpretations" (internal quotation marks omitted)). We nevertheless note the legislative history also supports this interpretation.

NRS 207.010 was enacted in 1995 after approval of Senate Bill 416, which made "various changes regarding sentencing of persons convicted of felonies," Hearing on S.B. 416 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 1, 1995). *See* 1995 Nev. Stat., ch. 443, §§ 180-81, at 1237-38. The legislative history for Senate Bill 416 includes a crimes category chart that listed the small habitual criminal enhancement with the category B felonies and the large habitual criminal enhancement with the category A felonies. Hearing on S.B. 416 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., May 1, 1995) (Exhibit F). Given this chart, it appears the Legislature did not intend for habitual criminal adjudication to retain the category of felony of the underlying crime and only enhance the range of punishment that may be imposed. Accordingly, we conclude the

legislative history indicates that the Legislature intended for both the sentence and category of conviction to be enhanced when an offender is adjudicated a habitual criminal pursuant to NRS 207.010.[2]

For the reasons stated above, we conclude the plain language of the statutes demonstrates that both the sentence and category of conviction are enhanced when an offender is adjudicated a habitual criminal pursuant to NRS 207.010, and note this conclusion is also supported by legislative history. Therefore, when an offender is adjudicated a habitual criminal pursuant to NRS 207.010(1)(a), the conviction is enhanced and the offender is convicted of a category B felony, and when an offender is adjudicated a habitual criminal pursuant to NRS 207.010(1)(b), the conviction is enhanced and the offender is convicted of a category A felony.

Turning to the application of statutory credit under NRS 209.4465, we note NRS 209.4465(8)(d) precludes the application of statutory credit to an offender's parole eligibility and minimum term for a sentence on a conviction for a category A or B felony. Because we conclude adjudication as a habitual criminal pursuant to NRS 207.010 enhances both the sentence and category of conviction, we hold that an offender who is adjudicated a habitual criminal pursuant to NRS 207.010 is not entitled to have statutory credit applied to the eligibility for parole and minimum term for that sentence.

---

[2]To the extent Doolin argues the rule of lenity requires resolution of any ambiguity in his favor, this argument lacks merit. Because there is no unresolved ambiguity, the rule of lenity does not apply. *See Lucero*, 127 Nev. at 99, 249 P.3d at 1230 ("Because ambiguity is the cornerstone of the rule of lenity, the rule only applies when other statutory interpretation methods, including the plain language, legislative history, reason, and public policy, have failed to resolve a penal statute's ambiguity.").

Here, although grand larceny of a motor vehicle is a category C felony, because Doolin was adjudicated a habitual criminal pursuant to NRS 207.010(1)(a), his category of conviction was enhanced to a category B felony. Therefore, NRS 209.4465(8)(d) precludes application of statutory credit to his parole eligibility and minimum term. Accordingly, we conclude the district court did not err by denying Doolin's petition.

## CONCLUSION

We conclude habitual criminal adjudication pursuant to NRS 207.010 enhances both the sentence and category of conviction. Thus, habitual criminal adjudication pursuant to NRS 207.010 will always enhance a conviction for a lower category felony, and the offender will be convicted of either a category A or B felony. We therefore hold that NRS 209.4465(8)(d) precludes application of statutory credit to an offender's parole eligibility and minimum term for a sentence imposed pursuant to NRS 207.010. Because Doolin was adjudicated a habitual criminal pursuant to NRS 207.010(1)(a), NRS 209.4465(8)(d) precludes application of statutory credit to his parole eligibility and minimum term. Accordingly, we conclude the district court properly denied Doolin's petition. Therefore, we affirm.

_____, C.J.
Silver

_____, J.
Tao

_____, J.
Gibbons

