**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> CARLOS DOMINGUEZ-MAROYOQUI, *Defendant-Appellant*. | No. 13-50066 <br><br> D.C. No. 3:12-cr-04235-LAB-1 <br><br> OPINION |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
February 10, 2014—Pasadena, California

Filed April 7, 2014

Before: Jerome Farris, N. Randy Smith, and Paul J.
Watford, Circuit Judges.

Opinion by Judge Watford

**SUMMARY**[*]

**Criminal Law**

The panel vacated a sentence and remanded for resentencing in a case in which the district court imposed an enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the ground that the defendant's 1996 felony conviction under 18 U.S.C. § 111(a) for assaulting a federal officer qualifies as a crime of violence.

The panel held that a § 111(a) felony is not categorically a crime of violence because it does not match any of § 2L1.2's specifically enumerated offenses and does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force. The panel held that even if § 111(a) is viewed as a divisible statute setting out elements of the offense in the alternative, the modified categorical approach has no role to play because none of the alternatives requires proof of the type of violent physical force mandated under § 2L1.2's definition of a crime of violence.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Gary P. Burcham (argued), Burcham & Zugman, San Diego, California, for Defendant-Appellant.

Jerry A. Behnke (argued), Assistant United States Attorney; Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, United States Attorney's Office, San Diego, California, for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

Carlos Dominguez-Maroyoqui pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The United States Sentencing Guidelines increase the defendant's offense level for this crime when, among other things, the defendant has been convicted of an offense that's both a felony and a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). Section 2L1.2 of the Guidelines defines the term "crime of violence" as any of a dozen specified offenses or, alternatively, "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* cmt. n.1(B)(iii).[1]

---

[1] The definition provides in full:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced),

We must decide whether Dominguez-Maroyoqui's 1996 conviction for assaulting a federal officer in violation of 18 U.S.C. § 111(a) qualifies as a crime of violence. The district court held that it does, relying on the modified categorical approach as applied in this circuit before *Descamps v. United States*, 133 S. Ct. 2276 (2013), and imposed a 12-level sentencing enhancement as a result.

Section 111(a) authorizes the conviction of anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). The statute creates three separate offenses. *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008). At the time of Dominguez-Maroyoqui's conviction, they consisted of: (1) a misdemeanor if the defendant's acts constituted "only simple assault"; (2) a felony with a 3-year statutory maximum under § 111(a) "in all other cases"; and (3) a felony with a 10-year statutory maximum under § 111(b) if the defendant used a deadly or dangerous weapon or inflicted bodily injury. 18 U.S.C. § 111 (1994).[2] Dominguez-Maroyoqui pleaded

---

statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2012).

[2] The version of § 111 in effect in 1996 provided as follows:

(a) In General.—Whoever—

guilty to the felony offense carrying a 3-year statutory maximum, which for ease of reference we'll refer to as the § 111(a) felony.

Although we've previously held that the felony under § 111(b) is a crime of violence, *United States v. Juvenile Female*, 566 F.3d 943, 947–48 (9th Cir. 2009), it remains an open question whether the § 111(a) felony also qualifies as a crime of violence. To resolve that question, we employ the categorical approach, meaning we look to the elements of the offense rather than the particular facts underlying the defendant's own conviction. *Descamps*, 133 S. Ct. at 2283; *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009). We ask whether the elements of the § 111(a) felony criminalize "a broader swath of conduct" than the conduct

> (1)  forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.
>
> (b)  Enhanced  Penalty.—Whoever,  in  the commission of any acts described in subsection (a), uses a deadly or dangerous weapon or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

covered by § 2L1.2's definition of a crime of violence. *Descamps*, 133 S. Ct. at 2281. If that's the case, Dominguez-Maroyoqui's § 111(a) felony can't qualify as a crime of violence, even if the facts underlying his own conviction might satisfy § 2L1.2's definition. *See id.* at 2283. Under the categorical approach, the crime-of-violence determination "function[s] as an on-off switch": An offense qualifies as a crime of violence "in all cases or in none." *Id.* at 2287.

The government doesn't contend that the § 111(a) felony matches any of the specifically enumerated offenses in § 2L1.2's definition of a crime of violence. Those offenses include "aggravated assault"—the closest analogue—but the generic version of that offense requires proof of an aggravating factor that the § 111(a) felony does not. *See United States v. Gomez-Hernandez*, 680 F.3d 1171, 1178 (9th Cir. 2012). The government argues that the § 111(a) felony nonetheless qualifies as a crime of violence because it's an offense that "has as an element the use, attempted use, or threatened use of *physical force* against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

The Supreme Court has given the phrase "physical force" a specialized meaning in the context of violent felonies, one which compels us to reject the government's argument. In *Johnson v. United States*, 559 U.S. 133 (2010), the Court construed the meaning of "violent felony" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e). That statute defines violent felony, in part, just as § 2L1.2 defines a crime of violence—an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). To meet that definition, the Court held, the physical force involved must be

"*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. "Physical force" carries the same meaning under § 2L1.2. *United States v. Flores-Cordero*, 723 F.3d 1085, 1087 (9th Cir. 2013).

The § 111(a) felony does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force as defined in *Johnson*. The statute requires proof of "at least some form of assault," *Chapman*, 528 F.3d at 1221, but we've held that an assault under § 111 "does not require that any particular level of force be used." *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985). In fact, "a defendant may be convicted of violating section 111 if he or she uses *any force whatsoever* against a federal officer designated in 18 U.S.C. § 1114." *Id.* (emphasis added).

To obtain a § 111(a) felony conviction, then, the government need not prove, and an adjudicator need not find, that the offense involved violent force capable of causing physical pain or injury. Decisions sustaining § 111 felony convictions confirm that fact; many involve the use of force below that threshold. *See, e.g.*, *United States v. Fernandez*, 837 F.2d 1031, 1033 (11th Cir. 1988) (chasing prosecutor down the street and bumping into him); *Sommerstedt*, 752 F.2d at 1495 (walking up to prosecutor and jolting her arm and shoulder); *United States v. Hightower*, 512 F.2d 60, 61 (5th Cir. 1975) (grabbing wildlife agent's jacket); *United States v. Frizzi*, 491 F.2d 1231, 1231–32 (1st Cir. 1974) (spitting in mail carrier's face).

We recognize that these cases all involved a pre-1996 version of § 111 that described just two offenses, both

felonies. The statute did not then, as it did at the time of Dominguez-Maroyoqui's conviction, carve out a separate misdemeanor offense for cases involving only simple assault. *See Fernandez*, 837 F.2d at 1035. We don't believe that fact has any relevance here, since under the 1996 version of the statute the dividing line between the § 111(a) felony and the simple assault misdemeanor was the presence or absence of physical contact with the victim. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 834–35 (9th Cir. 2009). The offenses in each of the cases cited above involved physical contact with the victim, so they would still have been felonies even under the version of the statute in effect when Dominguez-Maroyoqui was convicted. *See id.*

Because the § 111(a) felony criminalizes a broader swath of conduct than the conduct covered by § 2L1.2's definition, Dominguez-Maroyoqui's 1996 conviction for assaulting a federal officer is not, categorically, a crime of violence. *See Descamps*, 133 S. Ct. at 2281; *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir. 2006). The government concedes that, after *Descamps*, if the § 111(a) felony is not categorically a crime of violence, then the modified categorical approach has no application in this case. Even if § 111(a) is viewed as a divisible statute, setting out elements of the offense in the alternative ("assaults," "resists," "opposes," etc.), none of those alternatives requires proof of the type of violent physical force mandated under § 2L1.2's definition of a crime of violence. Without at least one such match, the modified categorical approach has no role to play here. *See Descamps*, 133 S. Ct. at 2285.

It follows that Dominguez-Maroyoqui should not have been assessed a "crime of violence" enhancement under

U.S.S.G. § 2L1.2(b)(1)(A). We vacate his sentence and remand for re-sentencing without the enhancement.

**VACATED and REMANDED.**