UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ABDUL HOWARD, AKA Lesley Long,

Defendant-Appellant.

No. 15-10042

D.C. No. 2:13-cr-00186-GMN-VCF-1
District of Nevada,
Las Vegas

ORDER

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[*] District

Judge.

Filed concurrently with this order is an amended memorandum. The

petition for rehearing and rehearing en banc filed on June 6, 2016 remains pending.

No future petitions will be entertained.

---

[*] The Honorable Joan Lefkow, District Judge for the U.S. District Court
for the Northern District of Illinois, sitting by designation.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10042 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00186-GMN-VCF-1 |
| v. | |
| ABDUL HOWARD, AKA Lesley Long, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,[**] District Judge.

Defendant-Appellant Abdul Howard appeals his convictions for Hobbs Act robbery, 18 U.S.C. § 1951, and possession of a firearm in furtherance thereof, 18 U.S.C. § 924(c). He argues that Hobbs Act robbery does not qualify as a "crime

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan H. Lefkow, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

of violence" under § 924(c) and that therefore his convictions on the firearm counts must be vacated. In addition, he argues that jury irregularities necessitated a mistrial. We have jurisdiction under 28 U.S.C. § 1291. We disagree with Howard's arguments on appeal.

Section 924(c)(3) defines a "crime of violence" as, *inter alia*, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (the "force clause"). The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Thus, if Hobbs Act "robbery" "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," it is a crime of violence.

Focusing on the Hobbs Act's "actual or threatened force, or violence" language, we have previously stated that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). Howard, however, argues that because Hobbs Act robbery may also be accomplished by putting someone in "fear of injury," 18 U.S.C. § 1951(b), it does not necessarily involve "the use, attempted use, or

2

threatened use of physical force," 18 U.S.C. § 924(c)(3)(A).[1]   Howard's

arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d

749 (9th Cir. 1990).   In *Selfa*, we held that the analogous federal bank robbery

statute, which may be violated by "force and violence, or by *intimidation*," 18

U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G.

§ 4B1.2,[2] which uses the nearly identical definition of "crime of violence" as

§ 924(c).   *Selfa*, 918 F.2d at 751.   We explained that "intimidation" means

willfully "to take, or attempt to take, in such a way that would put an ordinary,

reasonable person *in fear of bodily harm*," which satisfies the requirement of a

---

[1] This circuit has held that crimes that require only a *de minimis* use of force do not qualify as crimes of violence under USSG § 2L1.2.   *See United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014) (assault statute criminalizing "*any force whatsoever* against a federal officer" does not categorically require "violent force capable of causing physical pain or injury"); *United States v. Flores-Cordero*, 723 F.3d 1085, 1088 (9th Cir. 2013) (resisting arrest statute criminalizing even a "minor scuffle" did not qualify as a crime of violence); *see also United States v. Parnell*, 818 F. 3d 974 (9th Cir. 2016) (Massachusetts armed robbery statute criminalizing any level of force as long as the victim is aware of the act did not qualify as a crime of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)).   Howard does not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force, and we take no position on that issue or the applicability of these precedents to Hobbs Act robbery.

[2] "Crime of violence" is defined in U.S.S.G. § 4B1.2 as, *inter alia*, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2.

"threatened use of physical force" under § 4B1.2.  *Id.* (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)).  Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence.[3]

We also disagree with Howard's arguments regarding the alleged jury irregularities.  The district judge reasonably found, after questioning Jurors 3 and 13, that Juror 3's request for dismissal was motivated by a serious health issue.  The district court reasonably interpreted Juror 3's remark that she felt like a "lone ranger" on certain things referred to her insistence on following procedural rules, rather than the merits of the case.  Even if her comments touched on the merits, such a "passing reference," *United States v. Christensen*, 801 F.3d 970, 1017 (9th Cir. 2015), may be "properly ignored" and does not bar dismissal for other legitimate reasons when the concerns expressed in *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999), are not present.  *United States v. Vartanian*, 476 F.3d 1095, 1098-99 (9th Cir. 2007) (holding that where "questions of juror bias or competence . . . focus on some event . . . that is both easily identifiable and subject to investigation and findings without intrusion into the deliberative process,"

_____

[3] Because we conclude that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause, we need not consider Howard's arguments regarding § 924(c)'s alternative "residual clause" definition of "crime of violence."

4

*Symington*'s rule mandating a finding of error where there is a "reasonable possibility" that the dismissal stemmed from "the quality and coherence of the juror's views on the merits" is not triggered (quoting *Symington*, 195 F.3d at 1087 & n.6 (emphasis omitted))).

Furthermore, Juror 3 gave no indication that the phone call she received from someone who knew Juror 13 was threatening, and the district court did not abuse its discretion in refusing to dismiss Juror 13. Juror 3 stated that she was troubled by the call because (1) her belief that Juror 13 had discussed deliberations with a third party even though the jurors had been instructed not to do so, and (2) her (incorrect) belief that Juror 13 had not disclosed to the court her nephew's shooting. After questioning Juror 13, it was not unreasonable to conclude that she could continue to serve on the jury.

With respect to Howard's contention that the district court failed to apply a presumption of prejudice stemming from the third-party phone call,[4] we conclude that although the district court did not address the presumption issue, it ultimately does not matter because regardless of who bore the burden to show prejudice, the

---

[4] This circuit has recognized "a bright-line rule: any external contact with a juror is subject to a presumption that the contact prejudiced the jury's verdict, but the government may overcome that presumption by showing that the contact was harmless." *Tarango v. McDaniel*, 815 F.3d 1211, 1221 (9th Cir. 2016). This rule applies when an unauthorized communication "raises a risk of influencing the verdict." *Caliendo v. Warden of Cal. Men's Colony*, 365 F.3d 691, 697 (9th Cir. 2004).

5

district court reasonably found that there was none. *See United States v. Armstrong*, 654 F.2d 1328, 1332 (9th Cir. 1981) ("[W]hether or not we speak in terms of the rebuttable presumption of prejudice or of the fairness of the defendants' trial, we reach the same result.").

Finally, we conclude that the district court did not abuse its discretion in limiting as it did the hearing on juror issues. A district court has "considerable discretion" in determining such a hearing's "nature and extent," *United States v. Simtob*, 485 F.3d 1058, 1064-65 (9th Cir. 2007) (quoting *United States v. Soulard*, 730 F. 2d 1292, 1305 (9th Cir. 1984)), based on "the content of the allegations, including the seriousness of the alleged misconduct or bias, and the credibility of the source," *United States v. Hendrix*, 549 F.2d 1225, 1227-28 (9th Cir. 1977). The district court here questioned Jurors 3 and 13 with the participation of both the government and defense counsel, who were present at all times. The hearing was "reasonably calculated to resolve the doubts raised about the allegations of juror misconduct, and the process ensured that all parties were fairly represented." *Price v. Kramer*, 200 F.3d 1237, 1254 (9th Cir. 2000).

**AFFIRMED.**

6