FUENTES, Circuit Judge,
concurring in part and concurring in the judgment.
After a jury trial, defendant Anthony Robinson was found guilty of two counts of Hobbs Act robbery[1] and one count of using a firearm during the commission of a crime of violence[2] for robbing two Philadelphia stores. Robinson demanded money from the cash register while brandishing a firearm. Among other things, he appeals his Section 924(c) conviction, arguing that Hobbs Act robbery is not a “crime of violence” within the meaning of Section 924(c). After finding the categorical approach unnecessary here, the majority affirms Robinson’s Section 924(c) conviction because Robinson was simultaneously convicted of brandishing a firearm while committing a Hobbs Act robbery.[3] I depart from the majority that the categorical approach should not be used when the convictions are simultaneous.
Instead, I conclude that Congress intended for courts to use the categorical approach to determine what is or is not a “crime .of violence” under Section 924(c). This position is advocated by both Robinson and the government, and is consistent with the Supreme Court’s recent opinion in Mathis v. United States and the decisions of our sister circuits who have been confronted with the same question.[4]
I.
In my view, Congress intended Section 924(c)(3) to define “crime of violence” in terms of statutory elements of the contemporaneous conviction, rather than in terms of the actual underlying conduct of the *148 defendant. My analysis is guided by the Supreme Court’s decision in Taylor v. United States.[5] In that case, the Supreme Court found that Congress “intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions”[6] to determine whether sentencing enhancements apply under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e). It did so for three reasons.
First, the Court found that the text of Section 924(e) supports such a categorical approach by referring to persons who have “three previous convictions ... for a violent felony or a serious drug offense,”[7] rather than persons who have committed violent felonies or serious drug offenses, and by defining “violent felony” as “any crime punishable by imprisonment for more than a year that ‘has as an element’—not any crime that, in a particular case involves—the use or threat of force.”[8] Second, legislative history is consistent with such an approach because though there was “considerable debate over what kinds of offenses to include and how 'to define them ... no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case.”[9] Third, the Court was persuaded by “the practical difficulties and potential unfairness of a factual approach.”[10]
Here, Section 924(c)(3)(A) likewise defines “crime of violence” as a felony that “has as an element the use, attempted use, or threatened use of physical force against the person or property of another,” referring courts to the statutory elements, rather, than to the underlying facts. Moreover, the legislative history of Section 924(c) similarly evinces congressional intent to define crime of violence in a categorical way rather than in a factual way. The Senate report discussion of Section 924(c) included comments on which precise offenses are “crime[s] of violence” under the statute, but never which facts would qualify-a conviction as a “crime of violence” and which facts would disqualify the same conviction.[11]
I agree with the majority that some of the “practical difficulties and potential unfairness” [12] concerns of a factual approach present in Taylor are not present in this case. Here, Robinson was simultaneously convicted of both Hobbs Act robbery and Section 924(c), from which we can surmise without speculation that he brandished a gun while committing the robberies. But I disagree that this alone renders the use of the categorical approach “unnecessary” when the statutory language and legislative history are as clear as those in Taylor that Congress intended courts to utilize a categorical approach to determining which crimes are “crimes of violence.” Furthermore, taking a categorical approach avoids the circularity and ambiguity caused by the majority’s position that “the determination of whether a particular crime quali *149 fíes as a ‘crime of violence’ under § 924(c) depends upon both the predicate offense, here Hobbs Act robbery, and the contemporaneous conviction under § 924(c).”[13] Indeed, other circuits have also taken this categorical approach to determine which offenses are “crimes of violence” under Section 924(c).[14]
This does not end our analysis because even when the statute calls for an elements-based analysis, the categorical approach' is not always possible. As the Supreme Court explained in Mathis v. United States, “[t]he comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or ‘indivisible’) set of elements to define a single crime. The court then lines up that crime’s elements alongside those of the generic offense and sees if they match.”[15] The categorical approach fails when a statute sets out alternative (or “divisible”) sets of elements, thereby creating multiple crimes within a single statute.[16] Consequently, whether a defendant’s violation of a divisible statute counts as a predicate crime depends on which of the alternative elements listed was actually committed, forcing courts to look beyond the statute and peek at documents such as “the indictment, jury instructions, or plea agreement and colloquy[ ] to determine what crime, with what elements, a defendant was convicted of. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense.”[17] This is the modified categorical approach.
As the Supreme Court has reiterated, however, the modified categorical approach is approved only “for use with statutes having multiple alternative elements.” [18] In other words, the simple fact that documents such as the indictment and the jury instructions are available does not mean that a court may look to them. As the majority notes, the modified categorical approach is not meant to supplant the categorical approach where convenient, but “merely to help implement the categorical approach” when the court is confronted with a divisible statute.[19]
The Hobbs Act itself is a divisible statute. A person is in violation of the Hobbs Act if he “obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in *150 violation of this section.”[20] In short, a person may violate the Hobbs Act by either robbery or extortion. But we are .not asked whether a Hobbs Act violation is a crime of violence under Section 924(c). Instead, Robinson appeals only the question whether a Hobbs Act robbery, as defined by Section 1951(b), is a crime of violence.[21] With this limitation, I find that a Hobbs Act robbery is not a divisible statute.
Section 1951(b)(1) defines robbery as “the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future,’ to his person or property.” At a glance, the phrase “by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property” is a disjunctive list. But a disjunctive list of “factual means of committing a single element” does not render a statute divisible, whereas a disjunctive list of elements would.[22] Therefore, we must determine whether this particular phrase is a list of alternative elements or a list of alternative means.
Mathis instructs that one way to distinguish elements from means is by looking at the charge in the indictment and “the correlative jury instructions”—for example, if the defendant is charged with “burgling a building, structure, or vehicle,” then “each alternative is only a possible means- of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt.”[23] The indictment and jury instructions in this case make clear that the statutory list of “actual or threatened force, or violence, or fear of injury, immediate or future, to [the victim’s] person or property” are all alternative means of committing the element of unlawful taking against the victim’s will, rather than alternative elements.[24] Indeed, the district judge specifically instructed the jury that “[t]he government must prove beyond a reasonable doubt that the defendant unlawfully took the alleged victim’s property against his or her will by actual or threatened force, violence or fear of injury, whether immediately or in the future,” but that “[t]he government satisfies its burden of proving an unlawful taking if you unanimously agree that the defendant employed any of these methods.”[25]
Accordingly, a strict categorical approach is the appropriate method for determining whether Hobbs Act robbery is a “crime of violence” under Section 924(c)(3). Nonetheless, for the reasons set out below, I concur with the majority that Robinson’s 924(c) conviction should be upheld.
II.
Using the categorical approach, I.come to the same conclusion as the majority that *151 Hobbs Act robbery is in fact a “crime of violence.” Section 924(c)(3)(A) defines a crime of violence as any felony that “has as an element the use, attempted use, or threatened use of physical force against the person or property of another.” Hobbs Act robbery is defined as “the unlawful taking or obtaining of personal property ... by means of actual or threatened force, or violence or fear of injury, immediate or future, to his person or property.”[26] The question is whether the list enumerated in the Hobbs Act robbery definition is broader than the list enumerated in Section 924(c)(3)(A).
I find persuasive the Second Circuit’s recent decision in United States v. Hill on the same issue. In a well-reasoned opinion, that court held that all the alternative means of committing a Hobbs Act robbery, “actual or threatened force, or violence, or fear of injury,” can satisfy Section 924(c)(3)(A)’s requirement of “use, attempted use, or threatened use of physical force” because the Supreme Court has already defined “physical force,” in the context of defining a violent felony, to be simply “force capable of causing physical pain or injury to another person.”[27] In other words, by definition, a jury could have found “actual or threatened force, or violence, or fear of injury” only if the defendant used, attempted to use, or threatened to use physical force because “fear of injury” cannot occur without at least a threat of physical force, and vice versa.[28] Accordingly, I find that Hobbs Act robbery is categorically a crime of violence under Section 924(c)(3).
In conclusion, I concur in the judgment of the majority and will affirm Robinson’s Section 924(c) conviction.[29]

. 18 U.S.C. § 1951(a).

. 18 U.S.C. § 924(c).

. Maj. Op. at 143-44.

.See Mathis v. United States, — U.S. -, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016); United States v. Hill, 832 F.3d 135 (2d Cir. 2016); United States v. Howard, 650 Fed.Appx. 466 (9th Cir. 2016) (unpublished).

. 495 U.S. 575, 110 S.Ct 2143, 109 L.Ed.2d 607 (1990).

. Id. at 600, 110 S.Ct. 2143.

. 18 U.S.C. § 924(e)(1).

. Taylor, 495 U.S. at 600, 110 S.Ct. 2143.

. Id. at 601, 110 S.Ct. 2143.

. Id.

. S. Rep. No. 98-225, at 312-13 (1983)(federal crimes such as the bank robbery statute and assault on federal officer statute are specifically discussed as prime examples of "crimes of violence”).

. Taylor, 495 U.S. at 601, 110 S.Ct. 2143.

. Maj. Op. at 142-43.

. See Hill, 832 F.3d at 139-44 (holding that Hobbs Act robbery is categorically a crime of violence under Section 924(c)); Howard, 650 Fed.Appx. at 468 (same).

. 136 S.Ct. at 2248.

. Id. at 2249.

. Id. (citation omitted). The Supreme Court explains this phenomenon in the ACCA context, using the following illustration: A state burglary law prohibits " 'the lawful entry or the unlawful entry' of a premises with intent to steal, so as to create two different offenses.... If the defendant were convicted of the offense with unlawful entry as an element, then his crime of conviction would match generic burglary and count as an ACCA predicate; but, conversely, the conviction would not qualify if it were for the offense with lawful entiy as an element.” Id.

. 136 S.Ct. at 2249.

. Maj. Op. at 142 (quoting Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013)); see also United States v. Brown, 765 F.3d 185, 190 (3d Cir. 2014) ("It bears repeating that the modified categorical approach is 'applicable only to divisible statutes.' ”).

. 18 U.S.C. § 1951(a).

. Appellant Br. at 3 ("Was Mr, Robinson wrongly convicted of brandishing a firearm under 18 U.S.C. § 924(c)(3), since Hobbs Act robbery, 18 U.S.C. § 1951(b), is not a categorical crime of violence ... ?”).

. Mathis, 136 S.Ct. at 2249.

. Id. at 2257 (internal quotation marks omitted),

. See, e.g„ App’x at 32-33 (indictment charging Robinson with “unlawfully [talcing and obtaining] approximately $100 United States currency, property of Subway, from the person or in the presence of J.H., an employee of Subway known to the grand jury, and against J.H.’s will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person and property, that is, by brandishing a handgun and using the handgun to threaten and intimidate the victim J.H.”).

.App’x at'535.

. 18 U.S.C. § 1951(b)(1).

. Hill, 832 F.3d at 141-42 (citing Johnson v. United States, 559 U.S. 133, 139-40, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)).

. Robinson argues that a Hobbs Act robbery cannot be a crime of violence because a defendant could commit a Hobbs Act robbery via non-violent means—for example, by threatening to throw paint on someone’s house. The majority opinion did not address this argument because it was unnecessary under its analysis but the argument nonetheless fails even under the categorical approach. Physical force, as explained by the Supreme Court, connotes simply force that is violent enough to be capable of causing injury. Johnson, 559 U.S. at 140, 130 S.Ct. 1265. No more, no less, Thus, as long as a -jury finds that a threat to throw paint can cause a "fear of injury" sufficient to satisfy Hobbs Act robbery, then that defendant has also sufficiently "threatened [to] use physical force" to satisfy the "crime of violence” definition. Legislative history supports this position. Congress specifically singled out the federal bank robbery statute as a crime that is the prototypical "crime of violence” captured by Section 924(c). See S. Rep. No. 98-225, at 312-13. Yet, the federal bank robbery statute, IS U.S.C. § 2113(a), is analogous to Hobbs Act robbery. See Howard, 650 Fed.Appx. at 468. Section 2113 may be violated by "force and violence, or by intimidation," just as the Hobbs Act robbery statute may be violated by "actual of threatened force, or violence, or fear of injury.” From this, we can surmise that Congress intended the “physical force” element to be satisfied by intimidation or, analogously, fear of injury.

.In addition to concurring in the judgment, I concur with the majority’s analysis in Section IV.