

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50240 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-03009-JAH-1 |
| v. | |
| ANTONIO MIGUEL-MARIANO, AKA Antonio Migual-Mariano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 6, 2016
Pasadena, California

Before:  REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

Antonio Miguel-Mariano was convicted of illegally reentering the United

States under 8 U.S.C. § 1326.  He has a previous Nevada conviction for coercion

under Nev. Rev. Stat. § 207.190.  In determining Miguel-Mariano's sentence for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the illegal reentry conviction, the district court treated the previous conviction as a "crime of violence" under the Sentencing Guidelines ("Guidelines"), *see* U.S.S.G. § 2L1.2(b)(1)(A), and applied a 16-level sentence enhancement. Miguel-Mariano challenges the application of that enhancement. We vacate and remand for re-sentencing.

**1.** To determine whether Miguel-Mariano's conviction for coercion qualifies as a crime of violence under the Guidelines and can therefore sustain the sentence enhancement, we apply the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). A state conviction can support an enhancement under the Guidelines only if the definition of the state crime matches, or is narrower than, the definition of the crime identified in the Guidelines as justifying the sentence enhancement. *See id.* at 599–601.

The parties agree that Miguel-Mariano's previous conviction qualifies as a "crime of violence" under the Guidelines if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). We have held that "physical force" as described in the Guidelines "must be *violent* force—that is, force capable of causing physical pain or injury to another person." *United States v. Dominguez-Maroyoqui*, 748 F.3d

2

918, 921 (9th Cir. 2014) (emphasis in original) (citations and quotation marks omitted).

Given that Miguel-Mariano was convicted of felony coercion, his conviction included an element of "physical force," as defined by Nevada law. NRS § 207.190(2)(a). Nevada's definition of "physical force" as used in NRS § 207.190, however, is broader than the definition of "physical force" as used in the Guidelines. While the Guidelines require "*violent* force. . . capable of causing physical pain or injury," *Dominguez-Maroyoqui*, 748 F.3d at 921, "physical force" in Nevada law can include nonviolent *de minimis* force. *See Hobbs v. State*, 251 P.3d 177, 180 (Nev. 2011).

Although we are aware of no cases interpreting the term "physical force" as used in the coercion statute, Nevada law defines physical force "much more broadly in other contexts."[1] *See United States v. Werle*, 815 F.3d 614, 621 (9th Cir. 2016) (noting that a state supreme court had not interpreted the word "force" in the particular statute giving rise to a federal sentence enhancement and considering the word's use in another criminal statute to determine its scope).

---

[1]Nevada follows the rule that "when the same word is used in different statutes that are similar with respect to purpose and content, the word will be used in the same sense, unless the statute's context indicates otherwise[.]" *Savage v. Pierson*, 157 P.3d 697, 702 (Nev. 2007) (en banc).

Battery, for example, "requires physical force or violence" in Nevada. *Estes v. State*, 146 P.3d 1114, 1128 (Nev. 2006). Yet under that definition of that crime, the Nevada Supreme Court concluded that even "slight" force, such as intentionally "spitting on another" can support a battery conviction. *Hobbs*, 251 P.3d at 180; *see also Byars v. State*, 336 P.3d 939, 949 (Nev. 2014) (upholding battery conviction where defendant "used force upon another, however slight.").

There is thus a "realistic probability" that a Nevada defendant could be convicted of felony coercion under NRS § 207.190 without engaging in violent physical force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). As a result, NRS § 207.190 is categorically overbroad as to the Sentencing Guidelines and cannot justify the 16-level sentence enhancement, unless as a result of the application of the modified categorical approach.

**2.** The government argues that Sections 1(a), 1(b), and 1(c) of NRS § 207.190 create three divisible felonies, and therefore we may apply the modified categorical approach to determine which of the three element sets underlay Miguel-Mariano's conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Applying their approach, the government argues that Miguel-Mariano was convicted under Section 1(c). Even assuming the categorical approach applies, Section 1(c) is itself categorically overbroad and cannot support

4

the enhancement.[2] As a result, we need not determine whether the felony version of the statute is divisible under *Mathis v. United States*, 136 S. Ct. 2242 (2016).

Section 1(c) reads: "It is unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to . . . [a]ttempt to intimidate the person by threats or force." NRS § 207.190(1)(c). This section contains no mention of violence; it refers only to "force." Given that we hold above that "force" under Nevada law is categorically broader that "physical force" under the sentencing guidelines, Section 1(c) is also categorically overbroad. Thus, even if we were to apply the modified categorical approach and conclude that Miguel-Mariano were convicted under Section 1(c), his conviction would still be under a provision too broad to justify the sentence enhancement that he received.

**VACATED** and **REMANDED** for re-sentencing.

---

[2]The government concedes that 1(a) and 1(b) are categorically overbroad and indivisible.