**NOT FOR PUBLICATION**

FILED

JUL 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10137 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 17-CR-00142-JAD-VCF |
| BRIAN KEITH WRIGHT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 8, 2021**
San Francisco, California

Before: GRABER and LEE, Circuit Judges, and VRATIL,*** District Judge.

Defendant Brian Keith Wright appeals his convictions for felony assault on a

federal officer or employee with a dangerous weapon, 18 U.S.C. § 111(a)(1) and (b),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

and felony assault on a federal officer or employee with intent to commit another felony, 18 U.S.C. § 111(a)(1). On appeal, Defendant challenges the constitutionality of 18 U.S.C. § 111, the "quasi-expert" testimony of law enforcement officers, the jury instructions and the district court's denial of his motion for judgment of acquittal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review *de novo* Defendant's claim that 18 U.S.C. § 111 is unconstitutionally vague and overbroad because, as defined in 18 U.S.C. § 1114, a "federal officer or employee" could hypothetically include private citizens assisting a federal officer or employee. United States v. Zhi Yong Guo, 634 F.3d 1119, 1121 (9th Cir. 2011). As the district court noted, Defendant neither asserts an as-applied challenge nor disputes that his "attempted vehicular flight from a home surrounded by warrant-executing, federal law-enforcement officers and their vehicles squarely and fairly falls within the statutorily pr[o]scribed conduct." Ordinarily, "a litigant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge." Kashem v. Barr, 941 F.3d 358, 376 (9th Cir. 2019). Here, Defendant has not shown "exceptional circumstances" which would permit him to assert a facial challenge to 18 U.S.C. § 111. Id. at 377. Therefore, we reject his constitutional challenge.

2. Because Defendant did not object to the testimony of law enforcement officers about their perception of his conduct, we review the district court's

2

admission of such testimony for plain error. United States v. Lloyd, 807 F.3d 1128, 1152 (9th Cir. 2015).

At trial, law enforcement officers testified that (1) until Defendant got out of his vehicle, he was a threat to officer safety, (2) it appeared that Defendant knew that an officer's car was parked outside the garage door and that he was attempting to flee and (3) it appeared that Defendant was going to use his car as a weapon, ram through the officer's car and flee. Even though the prosecutor prefaced some questions with "based on your training and experience," the testimony falls within the scope of proper lay witness testimony. See Fed. R. Evid. 701 (lay witness opinion testimony limited to opinion "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and "not based on scientific, technical, or other specialized knowledge"). Defendant has not shown that the district court committed plain error in admitting the testimony about how law enforcement officers perceived his conduct. See United States v. Gadson, 763 F.3d 1189, 1213 (9th Cir. 2014) ("Because the distinction between lay and expert testimony in this context is a fine one, we do not fault the district court for failing to intervene sua sponte." (internal quotation marks and citation omitted)).

3.     We review de novo whether the jury instructions accurately stated the elements of a statutory crime. United States v. Hofus, 598 F.3d 1171, 1174 (9th Cir.

3

2010).

Defendant argues that his felony convictions should be vacated because the jury instructions erroneously omitted a requirement that the jury find that he had "threatened the use of violent physical force." Defendant ignores the fact that while Count 1 required proof that he used a "dangerous weapon," 18 U.S.C. § 111(b), the statutory language of 18 U.S.C. § 111 does not use the terms "violence" or "violent physical force." On both counts, the district court correctly instructed that the government had to show that Defendant "forcibly assault[ed]" a federal officer or employee. 18 U.S.C. § 111. The instructions accurately defined a forcible assault as including "when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." See 9th Cir. Model Crim. Jury Instr. 8.3 & 8.4 (2010). Contrary to Defendant's suggestion, even if one or both of the charged felonies constitute a "crime of violence" or "violent felony" for other purposes, the jury instructions need not use the word "violent" in defining forcible assault. See 9th Cir. Model Crim. Jury Instr. 8.3 & 8.4 (2010); see also United States v. Dominguez-Maroyoqui, 748 F.3d 918, 920–21 (9th Cir. 2014) ("The § 111(a) felony does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force as defined in" Johnson v. United States, 559 U.S.

4

133 (2010)). Defendant has not shown any error in the jury instructions.

4. At the close of the government's case and after the jury returned a verdict, Defendant moved under Federal Rule of Criminal Procedure 29 for judgment of acquittal based on insufficiency of the evidence. We review *de novo* the district court's denial of Defendant's motion. United States v. Gagarin, 950 F.3d 596, 602 (9th Cir. 2020), cert. denied, 2021 WL 2302020 (U.S. June 7, 2021).

Defendant argues that the evidence was insufficient to show that he intended to threaten a law enforcement officer. The government presented evidence that Defendant was going to "use the car as a weapon to try to get [out of] there at really any costs" and was prepared to ram through the officer's car to escape and to flee "with no regard for [the officer's] safety." Based on this testimony, a rational jury could have concluded beyond a reasonable doubt that he intended to threaten the law enforcement officer standing near the car.

5. Because Defendant has not shown any error, his claim of cumulative error also fails. United States v. Audette, 923 F.3d 1227, 1241 (9th Cir. 2019).

**AFFIRMED**.