TIMOTHY LEE HOBBS, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 54933

May 19, 2011                                    251 P.3d 177

*Gibson & Kuehn, LLP*, and *Harold Kuehn*, Pahrump, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *Brian Kunzi*, District Attorney, and *Wesley S. White*, Deputy District Attorney, Nye County, for Respondent.

Before CHERRY, SAITTA and GIBBONS, JJ.

## OPINION

By the Court, SAITTA, J.:

In this appeal, we consider two primary issues. We first address whether spitting on another constitutes a battery under NRS 200.481. We hold that it does. Next, we consider whether the State sufficiently established the requisite prior domestic battery misdemeanor convictions to enhance appellant Timothy Lee Hobbs' current offense to a felony. We hold that it did not. We therefore affirm in part and reverse in part the judgment of conviction, and we remand to the district court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Patricia McClain was at a nail salon having her nails done when Hobbs, her ex-boyfriend, entered and became angry. He was upset that she was spending money to have her nails done. After a relatively short public argument between the two, Hobbs briefly left the salon, only to return a short time later. Hobbs again became angry with McClain for having her nails done. He then spit in her face. She immediately broke down into tears, feeling embarrassed and humiliated. Hobbs then left the salon and subsequently returned with a rock in his hand, approached McClain's vehicle, and threw the rock through the vehicle's windshield.

Respondent State of Nevada charged Hobbs by criminal complaint with domestic battery, injury to other property, and a habitual criminal enhancement. In particular, the complaint alleged that because Hobbs had two prior domestic battery misdemeanor convictions, the State would seek to elevate the current offense to a felony under NRS 200.485, Nevada's domestic battery statute, if it obtained a conviction. The complaint also alleged that the State would seek a habitual criminal enhancement under NRS 207.010, Nevada's habitual criminal statute, due to Hobbs' prior felony convictions. A preliminary hearing was held in justice court, at which time the State offered Hobbs' two prior domestic battery convictions into evidence. Hobbs stipulated to their admission. He was then bound over on the charges, and a criminal information was filed in the district court. The evidence from the preliminary hearing—specifically, the certified copies of the two prior domestic battery misdemeanor convictions—was transferred to the district court.

Subsequently, Hobbs filed a petition for a writ of habeas corpus, which was opposed by the State, arguing that spitting did not constitute the use of force or violence required for a battery under NRS 200.481. The district court held a hearing on the matter, found that spitting did amount to the use of force or violence as contemplated by NRS 200.481, and dismissed the petition. The case then proceeded to trial, where the jury found Hobbs guilty of domestic battery and injury to other property.

At sentencing, the State sought to sentence Hobbs as a habitual felon and offered the presentence investigation report (PSI) and six certified copies of Hobbs' prior felony convictions in support. The district court inquired whether there were any errors of a factual nature in the PSI, which described the two prior domestic battery misdemeanor convictions. Hobbs' counsel responded in the negative. Notably, although the State submitted evidence of Hobbs' prior felony convictions, it did not, at the sentencing hearing, present any evidence of or mention Hobbs' prior domestic battery misdemeanor convictions, nor did it attempt to demonstrate the

constitutional validity of those convictions. The district court also did not indicate that it had reviewed the certified prior convictions that were transmitted from the justice court or that it had determined that they were constitutionally valid. Ultimately, the district court enhanced Hobbs' current domestic battery conviction to a felony and determined that he should be sentenced as a habitual criminal, sentencing him to 10 to 25 years in prison for domestic battery and 1 year for injury to other property, both sentences to run concurrently. Hobbs now appeals.

## DISCUSSION

*Spitting on another constitutes the "use of force or violence" required for a battery under NRS 200.481*

Hobbs argues that the act of spitting on another does not amount to a battery. In particular, he asserts that spitting does not constitute the "use of force or violence" required for a battery under NRS 200.481[1] and contends, based on the cases he relies on, that a battery must be violent or result in physical harm or pain. Hobbs' argument presents us with an issue of first impression, as we have not previously addressed this question or the scope and meaning of the phrase "use of force or violence" in NRS 200.481.

Statutory interpretation is an issue of law subject to de novo review. *Firestone v. State*, 120 Nev. 13, 16, 83 P.3d 279, 281 (2004). Our objective in construing a statute is to give effect to the Legislature's intent. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). Traditional rules of statutory interpretation are employed to accomplish that result. *Id*. Our initial inquiry focuses on the language of the statute, and we avoid statutory interpretation that renders language meaningless or superfluous. *Butler v. State*, 120 Nev. 879, 892-93, 102 P.3d 71, 81 (2004). If the statute's language is clear and unambiguous, we enforce the statute as written. *Sheriff v. Witzenburg*, 122 Nev. 1056, 1061, 145 P.3d 1002, 1005 (2006). Only when the statute is ambiguous, meaning that it is subject to more than one reasonable interpretation, do we "look beyond the language [of the statute] to consider its meaning in light of its spirit, subject matter, and public policy." *Butler*, 120 Nev. at 893, 102 P.3d at 81.

The statutory definition of battery is "any willful and unlawful use of force or violence upon the person of another."

---

[1]Although Hobbs was convicted of domestic battery pursuant to NRS 200.485, the statute uses the term "battery" as it is defined in NRS 200.481, Nevada's criminal battery statute. NRS 200.485(9)(b). As such, our inquiry focuses on NRS 200.481.

NRS 200.481(1)(a). At first blush, NRS 200.481 might appear to include physical harm or pain as an element of the offense of battery, given that it requires the use of force or violence. The presence or absence of "substantial bodily harm" does affect punishment (NRS 200.481(2)(a)-(g)); however, it is not included as an element of simple battery. *See* NRS 200.481(1)(a). Instead, Nevada's battery statute requires the "use of force or violence." *Id.* A common definition of "force" is "[p]ower, violence, or pressure directed against a person or thing." *Black's Law Dictionary* 717 (9th ed. 2009). Thus, the language of NRS 200.481 indicates that nonharmful and nonviolent force suffices, given the Legislature's use of the phrase "force *or* violence"; otherwise, the use of the word "or" is rendered meaningless. NRS 200.481(1)(a) (emphasis added). In sum, under NRS 200.481, the "willful and unlawful use of . . . force . . . upon the person of another" amounts to criminal battery; that force need not be violent or severe and need not cause bodily pain or bodily harm. Our construction comports with the common law definition of battery. 2 Charles E. Torcia, *Wharton's Criminal Law* § 177, at 414-15 (15th ed. 1994) ("At common law, the contact need not result in physical harm or pain; it is enough that the contact be offensive.").

Moreover, California's caselaw interpreting its battery statute, California Penal Code section 242, supports our interpretation. In 1925, when the Nevada Legislature adopted the current definition of battery, it replicated California's battery statute, which remains the same today. 1925 Nev. Stat., ch. 31, § 149, at 34; Nev. Compiled Laws § 10096 (1929) (specifically referencing California Penal Code section 242); *see also* Cal. Penal Code § 242 (West 2008) ("A battery is any willful and unlawful use of force or violence upon the person of another."). California's jurisprudence addressing the meaning and scope of California Penal Code section 242 therefore serves as persuasive authority for our examination of NRS 200.481.

A California court of appeal recently noted that, "[e]ven though the statutory definition of battery requires 'force or violence,' this has the special legal meaning of a harmful or offensive touching." *People v. Page*, 20 Cal. Rptr. 3d 857, 863 n.1 (Ct. App. 2004) (citation omitted). That interpretation of California Penal Code section 242 has significant support in California's caselaw. As the California Supreme Court has explained:

"It has long been established, both in tort and criminal law, that 'the least touching' may constitute battery. In other words, *force* against the person is enough, it need not be vi-

olent or severe, it need not cause bodily harm or even pain, and it need not leave any mark."

*People v. Colantuono*, 865 P.2d 704, 709 n.4 (Cal. 1994) (quoting *People v. Rocha*, 479 P.2d 372, 377 n.12 (Cal. 1971)). Thus, "[o]nly a slight unprivileged touching is needed to satisfy the force requirement of a criminal battery." *People v. Ausbie*, 20 Cal. Rptr. 3d 371, 375 n.2 (Ct. App. 2004), *disapproved of on other grounds by People v. Reed*, 137 P.3d 184 (Cal. 2006). Because "the least touching" may constitute battery, California courts have even observed that in section 242, "[t]he word 'violence' has no real significance." *People v. Mansfield*, 245 Cal. Rptr. 800, 802-03 (Ct. App. 1988). In accordance with this general interpretation of the phrase "force or violence" in section 242, the California Supreme Court has held that spitting on another is a battery, *People v. Hamilton*, 200 P.3d 898, 953-54 (Cal. 2009), and that conduct such as "throwing a cup of urine in a person's face" constitutes battery. *People v. Pinholster*, 824 P.2d 571, 622 (Cal. 1992), *disapproved of on other grounds by People v. Williams*, 233 P.3d 1000 (Cal. 2010).[2] In holding that spitting on another constitutes battery, California is in accord with courts from other jurisdictions and a variety of treatises. *See, e.g., U.S. v. Lewellyn*, 481 F.3d 695, 697-99 (9th Cir. 2007); *State v. Lachney*, 621 So. 2d 846, 847-48 (La. Ct. App. 1993); *Com. v. Cohen*, 771 N.E.2d 176, 177-78 (Mass. App. Ct. 2002); Wayne R. LaFave, *Criminal Law* § 16.2, at 860 (5th ed. 2010); 2 Charles E. Torcia, *Wharton's Criminal Law* § 177, at 415 (15th ed. 1994).

In conclusion, the language and meaning of NRS 200.481 is clear; at a minimum, battery is the intentional and unwanted exertion of force upon another, however slight. Because the record clearly demonstrates that Hobbs intentionally spat on McClain and because spitting on another amounts to the use of force or vi-

---

[2]It is worth noting that the relevant California jury instruction comports with this caselaw. The jury instruction defining "force and violence" states:

> As used in the foregoing instruction, the words "force" and "violence" are synonymous and mean any [unlawful] application of physical force against the person of another, even though it causes no pain or bodily harm or leaves no mark and even though only the feelings of such person are injured by the act. The slightest [unlawful] touching, if done in an insolent, rude, or an angry manner, is sufficient.
>
> It is not necessary that the touching be done in actual anger or with actual malice; it is sufficient if it was unwarranted and unjustifiable.
>
> The touching essential to a battery may be a touching of the person, of the person's clothing, or of something attached to or closely connected with the person.

California Jury Instructions, Criminal 16.141 (Spring 2010 ed.) (alterations in original).

olence as contemplated by NRS 200.481, we conclude that Hobbs was properly convicted of domestic battery pursuant to NRS 200.485 and that the district court properly dismissed Hobbs' petition for a writ of habeas corpus.[3]

*The State failed to establish the requisite prior domestic battery misdemeanor convictions to enhance Hobbs' current offense to a felony*

Hobbs argues that the State failed to prove, at the sentencing hearing, that he had two prior domestic battery misdemeanor convictions. He asserts that because the State failed to do so, the district court erroneously enhanced his current domestic battery offense, for spitting on McClain, to a felony under NRS 200.485.[4]

Nevada's domestic battery statute, NRS 200.485, provides that a defendant's third domestic violence battery conviction within seven years must be enhanced to a felony and punished as such under NRS 193.130. NRS 200.485(1)(c). It further states that:

> An offense that occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense . . . . *The facts concerning a prior offense must be . . . proved at the time of sentencing*

---

[3]Hobbs cites to a variety of cases from other jurisdictions in support of his argument that spitting does not amount to the use of force or violence required for a battery under NRS 200.481; however, none of the cases he relies on are based on that jurisdiction's battery statute. *See U.S. v. Maldonado-Lopez*, 517 F.3d 1207, 1209-10 (10th Cir. 2008) (examining whether Colorado's harassment statute involves a crime of violence for federal sentencing enhancement purposes); *Garcia-Meza v. Mukasey*, 516 F.3d 535, 536 (7th Cir. 2008) (considering whether an aggravated battery of a police officer, consisting of grabbing the officer's fingers and twisting them, amounted to a crime of moral turpitude for deportation purposes); *U.S. v. Belless*, 338 F.3d 1063, 1067-69 (9th Cir. 2003) (examining whether a Wyoming domestic battery conviction is a predicate offense for a felony federal firearm conviction); *Johnson v. State*, 858 So. 2d 1071, 1072 (Fla. Dist. Ct. App. 2003) (examining whether battery conviction for spitting on a law enforcement officer was a qualifying offense for sentencing as a violent career criminal and, interestingly, taking no issue with the underlying battery conviction); *State v. Mack*, 12 S.W.3d 349, 352-53 (Mo. Ct. App. 2000) (considering whether spitting constitutes "the commission of violence against an employee of the department of corrections," a statutory offense separate and distinct from battery).

[4]The State makes a brief contention that Hobbs failed to raise this issue below. Even assuming, for the sake of argument, that Hobbs neglected to object to the State's lack of proof, his failure to do so would not divest the State of its due process burden to prove each element of the sentence enhancement beyond a reasonable doubt or to make an affirmative showing of the constitutional validity of the prior misdemeanor convictions, *see Phipps v. State*, 111 Nev. 1276, 1280, 903 P.2d 820, 823 (1995); *Dressler v. State*, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991), absent a clear stipulation to or waiver of proof of the prior convictions. *Krauss v. State*, 116 Nev. 307, 310, 998 P.2d 163, 165 (2000).

and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination . . . .

NRS 200.485(4) (emphasis added).

Broadly speaking, " '[d]ue process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt.' " *Phipps v. State*, 111 Nev. 1276, 1280, 903 P.2d 820, 823 (1995) (quoting *People v. Tenner*, 862 P.2d 840, 845 (Cal. 1993)). If the State seeks to use prior misdemeanor convictions to enhance a current offense to a felony, it must also make an affirmative showing of the constitutional validity of the prior convictions. *Dressler v. State*, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991). This includes demonstrating "either that counsel was present [during the prior misdemeanor proceedings] or that the right to counsel was validly waived, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings." *Id.*

The State's complaint alleged that Hobbs had two prior domestic battery misdemeanor convictions and that the State would seek to elevate the current offense to a felony if Hobbs was convicted. The State then presented evidence of the prior convictions at the preliminary hearing, and that evidence was transferred to the district court. Crucially, though, once the case was bound over to the district court, the State did not present evidence of the prior misdemeanor convictions, nor did it demonstrate the constitutional validity of the misdemeanor offenses. In particular, at sentencing, the record is devoid of any mention of the prior misdemeanor convictions, either by the district court or the State.

Even though the prior offenses were presented to the justice court, its role was limited and confined to a probable cause determination. *See* NRS 4.370; NRS 171.206. In fact, we have expressly held that while the State must substantiate the existence of the offenses at the preliminary examination, the constitutional validity of the prior convictions is not for the justice court to determine. *Parsons v. State*, 116 Nev. 928, 936, 10 P.3d 836, 841 (2000). Rather, that issue "is for the trial court to determine at, or anytime before, sentencing." *Id.*; *see also Hudson v. Warden*, 117 Nev. 387, 394-95, 22 P.3d 1154, 1159 (2001); *Ronning v. State*, 116 Nev. 32, 33-34, 992 P.2d 260, 261 (2000); NRS 200.485(4). In sum, the State failed to establish the existence and constitutional validity of the prior domestic battery misdemeanor convictions; mere transmission of the exhibits used at the preliminary hearing from the justice court to the district court was insufficient. We therefore conclude that Hobbs' current offense was erroneously enhanced to a felony under NRS 200.485. Because the current offense was improperly enhanced to a felony, Hobbs' habitual crim-

inal adjudication is likewise invalid. *See* NRS 207.010(1)(b) (current offense must be a felony for purposes of habitual criminal statute). As a result, we reverse the felony conviction and habitual criminal adjudication and remand the case to the district court to sentence Hobbs for a misdemeanor offense. *See Phipps*, 111 Nev. at 1279, 903 P.2d at 822 (reversing and remanding to resentence for a misdemeanor offense where the State failed to comply with the statutory requirements for enhancement); *Robertson v. State*, 109 Nev. 1086, 1089, 863 P.2d 1040, 1042 (1993) (remanding with instructions to resentence defendant for a misdemeanor offense because ''[t]here is no statutory mechanism which permits the district court to conduct a second sentencing hearing for the purpose of receiving evidence which the state neglected to present during the first sentencing hearing''), *overruled on other grounds by Krauss v. State*, 116 Nev. 307, 998 P.2d 163 (2000); *Pettipas v. State*, 106 Nev. 377, 380, 794 P.2d 705, 707 (1990) (remanding to resentence the defendant for a misdemeanor offense where there was an insufficient showing that the prior misdemeanor conviction was constitutionally valid).[5]

## CONCLUSION

We conclude that spitting amounts to the ''use of force or violence'' as contemplated by NRS 200.481 and therefore constitutes battery under that statute. We further conclude that the State failed to prove the existence and constitutional validity of Hobbs' prior domestic battery misdemeanor convictions and therefore that the enhancement of the domestic battery to a felony and the subsequent adjudication of Hobbs as a habitual criminal were erroneous. We therefore affirm in part and reverse in part the judgment of conviction and remand the case to the district court for further proceedings consistent with this opinion.[6]

CHERRY and GIBBONS, JJ., concur.

---

[5]We note for the purpose of clarity that our holding is not based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (requiring that facts that increase the maximum penalty for an offense, other than the existence of prior convictions, must be found by a jury beyond a reasonable doubt), and should not be confused with *Apprendi* and its progeny.

[6]Given our resolution, we need not reach Hobbs' remaining contentions.