IN THE SUPREME COURT OF THE STATE OF NEVADA

LUCAS EUGENE INBODEN,
Appellant,
vs.
MELISSA CHRISTINA AYON,
Respondent.

No. 74012



FILED

NOV 30 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order awarding child custody. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

The parties were never married but share a minor child. The parties moved from Arizona to Nevada, but respondent Melissa Ayon later moved back to Arizona with the minor child over appellant Lucas Inboden's objections. Both parties filed for custody in their state of residence, but Arizona deferred the custody decision to Nevada. After a hearing, the district court awarded primary physical custody to Ayon and found that, if the case was viewed as a request for relocation to allow Ayon and the child to move from Nevada to Arizona, that was granted as well. Inboden now appeals from the physical custody determination.[1]

This court reviews an award of child custody for an abuse of discretion. *Rivero v. Rivero*, 125 Nev. 410, 428, 216 P.3d 213, 226 (2009). The district court's factual findings will not be set aside unless they are

---

[1]Inboden does not challenge the award of joint legal custody or child support and we therefore do not address those decisions.

18-906367

clearly erroneous or not supported by substantial evidence. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). Substantial evidence is evidence that a reasonable person would accept as adequate to sustain a judgment. *Rivero*, 125 Nev. at 428, 216 P.3d at 226.

Awarding Ayon primary physical custody did not constitute an abuse of discretion. As the district court properly concluded, joint physical custody was not feasible in this case: Ayon lived in Arizona and the child would be starting school soon, leaving one or the other parent unable to care for the child for at least 146 days of the year. *See* NRS 125C.003(1)(a) (providing that joint physical custody is presumed not to be in the child's best interest if "a parent is unable to adequately care for a minor child for at least 146 days of the year"). The district court also lacked the ability to require Ayon to move back to Nevada so that joint physical custody would be possible. *See In re Marriage of Fingert*, 221 Cal. App. 3d 1575, 1581 (Ct. App. 1990) (recognizing that "[c]ourts cannot[, under the Constitution,] order individuals to move and live in a community not of their choosing"); Linda D. Elrod, Child Custody Practice and Procedure § 5:15 (2018) ("As a general rule, absent a restriction in the divorce decree awarding custody or in a statute, the residential parent is free to move with the child.").

With joint physical custody not possible, the district court properly considered the best interest factors to determine which party should be awarded primary physical custody. *See* NRS 125C.0035 (instructing a district court to consider a child's best interest when determining physical custody if joint physical custody is not possible and listing factors for the court's consideration). One of these factors requires the court to consider whether either parent has committed an act of domestic violence. NRS 125C.0035(4)(k). In this case, the district court

concluded that Ayon did not commit domestic violence against Inboden, despite clear evidence that she struck him, because the incident did not "rise[ ] to the level of domestic violence." This decision was clearly erroneous as this court has previously held that a battery occurs when one party exerts intentional and unwanted force upon another person, "however slight," *Hobbs v. State*, 127 Nev. 234, 239, 251 P.3d 177, 180 (2011), and NRS 125C.0035(10)(b) and NRS 33.018 deem the commission of battery upon the other parent an act of domestic violence.

Although Ayon's act of domestic violence creates a presumption that awarding her physical custody of the minor child would not be in the child's best interest, that presumption is rebuttable. NRS 125C.0035(5). Though remand might be appropriate because the district court did not address whether the presumption had been rebutted, we conclude that the record contains substantial evidence to rebut the presumption. The incident appeared to be an isolated incident wherein both parties may have acted inappropriately. The rest of the best interest factors weighed in Ayon's favor or were neutral, and the findings related to those factors were supported by substantial evidence in the record.[2] *Rivero*, 125 Nev. at 428, 216 P.3d at 226. Under these facts, we cannot conclude that the district

---

[2]Although Inboden argues that he presented evidence contrary to Ayon's evidence on the best interest factors, we will neither disturb the district court's decisions regarding conflicting evidence that are supported by substantial evidence, *see Barelli v. Barelli*, 113 Nev. 873, 880, 944 P.2d 246, 250 (1997) (recognizing that an appellate court will not disturb a district court's resolution of conflicting evidence if substantial evidence supports the decision), nor reweigh the parties' credibility as that is for the district court to determine, *Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility determinations to the district court and will not reweigh credibility on appeal.").

court abused its discretion in awarding primary physical custody to Ayon. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (affirming a correct result, though on grounds different from those relied on by the district court).

Inboden next argues that the district court incorrectly applied NRS 125C.007, which provides the grounds for allowing a custodial parent to relocate with a minor child and the factors a court must consider when determining whether relocation is in the child's best interest. More specifically, he asserts that the district court abused its discretion by failing to consider whether "[t]he best interests of the child are served by allowing the relocating parent to relocate with the child." NRS 125C.007(1)(b). We disagree. This case does not fall within NRS 125C.007's purview because that statute addresses petitions to relocate filed in actions where primary or joint physical custody has already been established by court order. *See* NRS 125C.006 (primary physical custody); NRS 125C.0065 (joint physical custody). In this case, no such custody order exists and, furthermore, Ayon had already relocated at the time the parties sought a custody determination. NRS 125C.007 therefore does not apply. *See Druckman v. Ruscitti*, 130 Nev. 468, 473, 327 P.3d 511, 514 (2014) (concluding that the relocation statute did not apply when no party had been awarded primary physical custody).

The district court also concluded that NRS 125C.007 did not apply, but still analyzed the case under that statute "out of an abundance of caution." Assuming *arguendo* that NRS 125C.007 applies, by presuming a prior joint custody order existed and employing a legal fiction that Ayon and Inboden still lived in the same state, the district court did not abuse its discretion in its application of NRS 125C.007. *See id.* at 468, 475, 327 P.3d

at 516 (reviewing a relocation decision for an abuse of discretion). Substantial evidence supports the district court's conclusion that Ayon demonstrated proper grounds for relocating and the court weighed the pertinent factors in concluding that allowing the child to relocate with Ayon was appropriate. *See* NRS 125C.007; *Druckman*, 130 Nev. at 473, 327 P.3d at 515 (concluding that the policy behind the relocation statute "may be used as a guide in instances where no custodial order exists and the parents dispute out-of-state relocation").

We have examined the parties' remaining arguments and find none that warrant reversal of the physical custody determination. Accordingly, we

ORDER the judgment of the district court AFFIRMED.


_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty


cc:    Hon. Charles J. Hoskin, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Rocheleau Law Group/Right Lawyers
Leavitt Law Firm
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A