IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NATHAN SNYDER; AND SAMANTHA ORR, Appellants, vs. CLEAR RECON CORP., AND SANAM LIMITED, Respondents. | No. 82390 |

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a real property matter. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1]

Appellants purchased a home, funded by a mortgage loan, on which they later defaulted. Respondent Clear Recon Corp. recorded a notice of default in March 2019 and a notice of trustee sale thereafter. Appellants then filed for bankruptcy and, after the bankruptcy's dismissal, Clear Recon recorded another notice of sale. Appellants then again filed, and had dismissed, another bankruptcy case, after which Clear Recon recorded a third notice of sale. When appellants' third bankruptcy filing was dismissed, Clear Recon proceeded with the foreclosure sale in July 2020. Before respondent Sanam Limited recorded the trustee's deed upon sale, appellants filed a complaint for injunctive relief, arguing that Clear Recon had materially violated NRS 107.550 because no foreclosure sale occurred, and more than 90 days passed between the recording of the second and third notices of sale. The district court denied injunctive relief and granted summary judgment in respondents' favor.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted

22-25185

Appellants argue that NRS 107.550(1) requires rescission of a notice of default when a lender fails to complete a foreclosure sale within 90 calendar days after a notice of sale. And they argue that such recission is required here because Clear Recon failed to conduct a foreclosure sale within 90 days after recording the second notice of sale, regardless of the fact that fewer than 90 days elapsed between the third notice of sale and the foreclosure sale. As this is an issue of statutory interpretation, we review the district court's decision de novo. *See Senjab v. Alhulaibi*, 137 Nev., Adv. Op. 64, 497 P.3d 618, 619 (2021).

"If [a] statute's language is clear and unambiguous, we enforce the statute as written." *Hobbs v. State,* 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). But, "if following the statute's apparent plain meaning results in a meaning that runs counter to the 'spirit' of the statute, this court may look outside the statute's language." *MGM Mirage v. Nev. Ins. Guar. Ass'n,* 125 Nev. 223, 228-29, 209 P.3d 766, 769-70 (2009). Similarly, "when [a] statute is ambiguous, meaning that it is subject to more than one reasonable interpretation . . . we [may also] look beyond the language [of the statute] to consider its meaning in light of its spirit, subject matter, and public policy." *Id.* (fourth alteration in original) (internal quotation marks omitted); *see also State v. Lucero,* 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (explaining that when a statute is ambiguous, this court may then look to legislative history and construe the statute in a manner consistent with reason and public policy).

NRS 107.550(1) provides:

> 1. A civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan must be dismissed without prejudice, any notice of default and election to sell recorded pursuant to subsection 2 of NRS 107.080 or any notice of sale

SUPREME COURT
OF
NEVADA

(O) 1947A

2

recorded pursuant to subsection 4 of NRS 107.080 must be rescinded, and any pending foreclosure sale must be cancelled, if:

. . .

(c) A foreclosure sale is not conducted within 90 calendar days after a notice of sale is recorded pursuant to subsection 4 of NRS 107.080.

Appellants present a reasonable reading of the statute, under which a violation of the foreclosure process occurs when a foreclosure sale does not occur within 90 days after a notice of sale is recorded. And here, even accounting for NRS 107.550(2)'s tolling periods, the foreclosure sale was not conducted within 90 calendar days after the second notice of sale.[2] Nevertheless, we conclude that NRS 107.550(1) is ambiguous as applied in this case, where a foreclosure sale occurred within 90 days of the most recent recorded notice of sale, but more than 90 days passed between notice of sale recordings. The district court reasonably interpreted the statute as requiring a recission of the notice of default only where a foreclosure sale occurs more than 90 days after the recording of a notice of sale, and because the sale took place within 90 days of the recording of the third notice of sale, the court concluded that the sale met the statute's requirements. Because the statute is ambiguous, we look beyond its language to determine its meaning. *Hobbs,* 127 Nev. at 237, 251 P.3d at 179.

NRS 107.550 is part of the "the Nevada Homeowner's Bill of Rights." Relevant legislative history shows that the bill's sponsors intended to provide homeowners with adequate notice and certainty regarding foreclosure proceedings and with information on ways to avoid foreclosure. Hearing on S.B. 321 Before the Assemb. Comm. on Judiciary, 77th Leg.

---

[2]Respondents dispute that more than 90 days elapsed between the second and third notice of sale, but the record belies this contention.

(May 2, 2013) (testimony of Assemblyman James Healey) (testifying that the bill was intended to "protect . . . homeowners" by "requir[ing] borrowers to be sent a foreclosure notice, a preforeclosure notice with information about their loan, and options on how to avoid foreclosure"); Hearing on S.B. 321 Before the Senate Judiciary Comm., 77th Leg. (April 10, 2013) (testimony of Senator Justin Jones) (noting that the bill addressed the concern that foreclosure notices would "sit out forever" and that the bill would "increase[ ] predictability for all parties involved in the foreclosure process," and provide "strong but fair accountability measures by extending protections to all residential mortgages written in Nevada"). The sponsors were also aware of the potential for abuse by homeowners in default, though, stating that it was "not the intent of the bill" to give "those who go through this process the ability to abuse the process." Hearing on S.B. 321 Before the Assembly Comm. on Judiciary 77th Leg. (May 16, 2013) (testimony of Senator Justin Jones). Sponsors further stated that they had worked with various stakeholders

> to make sure that we are not enabling people who are simply trying to game the system. I think what we have done is ensure that there is notice at the beginning and that there is an opportunity for someone to go into either the foreclosure mediation process or into another loss mitigation process.

Hearing on S.B. 321 Before the Assembly Comm. on Judiciary 77th Leg. (May 2, 2013) (testimony of Senator Jones).

Based on the legislative history, we conclude that Clear Recon did not violate the statute because it did not conduct a foreclosure sale more than 90 days after recording a notice of sale. This interpretation balances the bill sponsors' concerns that homeowners were not receiving sufficient notice about the foreclosure proceedings with their countervailing concern that homeowners could potentially abuse the process.

Here, appellants do not dispute that they received all due notice regarding the foreclosure proceedings, which is further evidenced by their bankruptcy petitions filed immediately before, or on the day of, each of the scheduled foreclosure sales. Most importantly, they do not dispute that they had notice as to the third notice of sale. And they also do not dispute that the foreclosure sale occurred within 90 days after the third notice of sale.[3] For these reasons, we conclude that the district court did not err by granting summary judgment and denying injunctive relief. We, therefore,

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Silver

_____, Sr.J.
Gibbons

cc:    Hon. Eric Johnson, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Kern Law, Ltd.
       Law Office of Andrew H. Pastwick, LLC
       Aldridge Pite, LLP
       Eighth District Court Clerk

---

[3]Because this issue is dispositive, we need not address the parties' remaining arguments regarding NRS 107.560 and whether respondent Sanam Limited was a bona fide purchaser.

[4]We lift the stay imposed by this court on June 10, 2021 (as clarified by order entered on January 3, 2022).

The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.