141 Nev., Advance Opinion 32

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF A.T., A MINOR.

CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE; AND A.T., A MINOR,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DAVID S. GIBSON, JR., DISTRICT JUDGE,
Respondents,
    and
TAUTIANA BELLAMY,
Real Party in Interest.

No. 89128



FILED

JUN 12 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of certiorari or mandamus challenging a district court's acceptance of a no-contest plea in an NRS Chapter 432B dependency proceeding.

*Petition denied.*

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Candice Saip, Chief Deputy District Attorney, Clark County, for Petitioners Clark County Department of Family Services and Clark County District Attorney's Office.

Legal Aid Center of Southern Nevada, Inc., and Denise Y. Glasgow, Las Vegas,
for Petitioner A.T.

25- 26203

Gary Guymon, P.C., and Gary L. Guymon, Las Vegas,
for Real Party in Interest Tautiana Bellamy.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

The primary goal of Nevada's child protection statutory framework is to protect children from the harms associated with neglect and abuse. Fundamental to this overarching objective is the need for swift and efficient resolution of dependency matters. The Legislature has recognized that even brief delays in these proceedings can negatively impact a child's welfare, creating instability and disruption in the child's life. With these risks in mind, NRS Chapter 432B was specifically designed to facilitate expedited proceedings to ensure the child is protected and receives necessary services in a timely manner.

When a child protection agency files a petition alleging that a child is in need of protection, NRS 432B.530(2) requires the district court to "inform the parties of the specific allegations in the petition and give them an opportunity to admit or deny them." We clarify today that, consistent with NRS 432B.530(2), a district court may accept a plea of no contest and move forward with the matter as though the allegations of the petition are true with or without agreement from the district attorney. This reading of NRS 432B.530(2) is consistent with NRS Chapter 432B's goal of providing children with the best chance of swift resolution to reduce harm and promote timely reunification, proper placement, or provision of services. Further, recognizing the potential consequences of an admission if the

allegations in the petition contain criminal conduct, this reading also balances the constitutional rights of the parent with the goal of timely conclusion of the Chapter 432B proceedings.

## FACTS

Real party in interest Tautiana Bellamy is the mother of 4-year-old petitioner A.T. In June 2024, A.T.'s sibling, 19-month-old K.T., died after sustaining head trauma and a leg fracture, for which Bellamy's boyfriend, Christian Rabino, was arrested and charged with murder and child abuse. During the investigation into the matter, Bellamy disclosed that she had witnessed Rabino abuse K.T. yet did not protect the child. Due to concerns about Bellamy's protective capacity in relation to the events surrounding K.T.'s death, petitioner Clark County Department of Family Services (DFS) took protective custody of A.T. Following an investigation, petitioner Clark County District Attorney's Office filed a petition with the district court on behalf of DFS alleging that A.T. was an abused or neglected child in need of protection due to Bellamy's failure to protect her children from Rabino.

Bellamy entered a no-contest plea to the petition, and the district court accepted the plea over the objection of the deputy district attorney, who argued that the statute does not allow for such pleas. The district court explained that the no-contest plea would be treated the same as if it were an admission and, therefore, carried the same potential consequences as an admission for purposes of the Chapter 432B proceedings. The district court also made clear that its acceptance of the plea did not come with any negotiated conditions or mean that the District Attorney waived the right to use any statements Bellamy made to case workers against her in any future criminal proceedings. DFS and the District Attorney (collectively, petitioners) filed the instant petition for a

Supreme Court
OF
Nevada

(O) 1947A

writ of certiorari or, alternatively, mandamus, arguing that a party may not enter a no-contest plea in NRS Chapter 432B proceedings without first entering into negotiation with and obtaining agreement from the prosecutor.

## DISCUSSION

*We exercise our original jurisdiction to entertain the merits of this petition*

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse of discretion." *We the People Nev. ex rel. Angle v. Miller*, 124 Nev. 874, 879, 192 P.3d 1166, 1170 (2008). A writ of certiorari may issue when a lower court "has exceeded its jurisdiction." *Zamarripa v. First Jud. Dist. Ct.*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). Writ relief "is an extraordinary remedy and the decision to entertain a petition . . . [is] within the discretion of this court." *Id.* (certiorari); *see also Clay v. Eighth Jud. Dist. Ct.*, 129 Nev. 445, 450, 305 P.3d 898, 901 (2013) (mandamus). Writ relief may be proper where the petitioner has no plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.020(2). In making this determination, we may also consider whether the petition raises "an important issue of law requir[ing] clarification." *Clay*, 129 Nev. at 450, 305 P.3d at 901-02.

Here, writ relief would provide the only adequate remedy if the district court exceeded its jurisdiction or manifestly abused its discretion in accepting the plea because "the district court's order, issued under NRS Chapter 432B, is not appealable." *See Clark Cnty. Dist. Atty., Juv. Div. v. Eighth Jud. Dist. Ct.*, 123 Nev. 337, 342, 167 P.3d 922, 925 (2007); *see also* NRAP 3A(b). Additionally, whether the district court may accept a no-contest plea in NRS Chapter 432B hearings is a pure question of law in need of clarification that could greatly impact the instant case and future parties

in child protection proceedings. We therefore exercise our original jurisdiction to consider the merits of this petition.

*A district court may accept a no-contest plea consistent with NRS 432B.530(2)*

The district court accepted Bellamy's no-contest plea under NRS 432B.530. District attorneys have routinely negotiated, and district courts have regularly accepted, no-contest pleas in other child protection cases. *See, e.g., In re Parental Rts. as to J.D.N.*, 128 Nev. 462, 466, 283 P.3d 842, 844-45 (2012); *In re Parental Rts. as to L.L.S.*, 137 Nev. 241, 242, 487 P.3d 791, 794 (2021). But petitioners argue that NRS 432B.530 does not allow a district court to accept a no-contest plea unless agreed to by the district attorney. "Statutory interpretation is an issue of law subject to de novo review." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). The goal of statutory interpretation is "to give effect to the Legislature's intent." *Id.* The first step in determining legislative intent is to review the plain language of the statute. *Id.* NRS 432B.530(2) reads, "[a]t the hearing [on the petition alleging that a child is in need of protection], the court shall inform the parties of the specific allegations in the petition and give them an opportunity to admit or deny them. If the allegations are denied, the court shall hear evidence on the petition."

Petitioners argue that the language of the statute is clear and unambiguous; it gives a party only two options—(1) admit the allegations, or (2) deny the allegations. Petitioners assert that by entering a no-contest plea without having negotiated one, Bellamy did neither, which the statute does not allow.

Bellamy argues in response that the language is open to multiple interpretations. For example, she contends NRS 432B.530 does not exclusively require an admission or denial. Instead, she asserts, the

statute provides for an *opportunity* to admit or deny the allegations in the petition. In other words, while the parties must be given an opportunity to admit or deny the allegations, no particular response is required or prohibited by the statute.

We agree with Bellamy that the statute may be open to more than one reasonable interpretation. At the very least, the statute does not clearly prohibit the court's acceptance of a no-contest plea. The language does not say, for example, the party *shall* admit or deny the allegations. Because the statute is susceptible to more than one reasonable interpretation, this court may look beyond the plain language to consider the statute's "spirit, subject matter, and public policy." *See Hobbs*, 127 Nev. at 237, 251 P.3d at 179 (quoting *Butler v. State*, 120 Nev. 879, 893, 102 P.3d 71, 81 (2004)). We therefore proceed to analyze the history and purpose of the statute.

Petitioners argue that, when compared to similar statutes in other contexts, NRS 432B.530 reveals a purposeful exclusion of the no-contest plea in NRS Chapter 432B proceedings. This is because plea-hearing procedures in the criminal context explicitly list no-contest pleas as an option. *See* NRS 174.035(1) (stating "[a] defendant may plead not guilty, guilty, guilty but mentally ill or, *with the consent of the court, nolo contendere*" (emphasis added)). Petitioners argue that because the Legislature knew that no-contest pleas were listed in criminal statutes but chose not to list them in NRS 432B.530, this evinces a specific intent to exclude such pleas in the dependency context.

But we are not convinced that the Legislature's failure to list no-contest pleas in NRS 432B.530 proceedings evinces a specific intent to prohibit such pleas. The legislative history of the statute reveals that the Legislature's main concern in including the language contained in NRS

432B.530 was to provide an opportunity for swift resolution and the ability to move forward on the allegations contained in the petition without the need for an evidentiary hearing where a party does not deny the allegations of the petition. *See* Hearing on A.B. 199 Before the Joint S. & Assemb. Judiciary Comms., 63d Leg., 570-71 (Nev., Feb. 27, 1985) (testimony of William A. Maddox, Carson City District Attorney, President of the District Attorney's Association); 1985 Nev. Stat., ch. 455, § 52, at 1382. In addition to admitting to the contents of a petition, a no-contest plea would likewise negate the need for an evidentiary hearing because a no-contest plea is treated the same as an admission insofar as how the court proceeds.

Nevada's child-protection statutory scheme and caselaw further point to an overarching goal of avoiding delays in the proceedings. NRS Chapter 432B provides expedited timelines for the resolution of these cases, and our caselaw has repeatedly noted the importance of quickly resolving questions of parental fitness and child protection. *See, e.g.*, NRS 432B.490(1)(b) (requiring a petition to be filed within 10 days of the hearing on protective custody); NRS 432B.530(1) (requiring an adjudicatory hearing to be held within 30 days of the petition being filed); NRS 128.055 (mandating that a court use its best efforts to resolve termination of parental rights proceedings within six months of the petition being filed); *In re Parental Rts. as to M.M.L.*, 133 Nev. 147, 150, 393 P.3d 1079, 1082 (2017) (stating the "child's permanency and stability are of the utmost importance, and the child should not be denied stability while waiting for the parent to address the issues that led to the child's removal"); *In re Parental Rts. as to Weinper*, 112 Nev. 710, 716, 918 P.2d 325, 330 (1996) (recognizing that "[i]t would be a grave injustice to force [the child] to remain in limbo indefinitely"), *overruled on other grounds by In re Termination of Parental Rts. as to N.J.*, 116 Nev. 790, 8 P.3d 126 (2000).

OF
NEVADA

(O) 1947A

7

Petitioners argue that no-contest pleas undermine DFS's reunification efforts and do not support the child's best interest. Where a court determines the allegations in a petition are true, the appropriate agency must provide "[a] description of the services to be provided to the child and to a parent to facilitate the return of the child to the custody of the parent or to ensure the permanent placement of the child." NRS 432B.540. Petitioners argue that a no-contest plea undermines efforts to provide a clear starting point and subsequent path forward towards reunification. But we are not convinced that the entry of a no-contest plea undermines reunification efforts. To the contrary, no-contest pleas allow the agency to expediently move forward with a plan as though the allegations are true without the added conflict of a denial and an evidentiary hearing—thereby promoting, rather than impeding, NRS Chapter 432B's overall goal of protecting the child.[1]

We also recognize that, although Bellamy stated here that she was not concerned with the potential for criminal liability in this case, parents in other cases may wish to plead no contest to avoid admitting to potentially criminal conduct. If a parent believes it is in their child's best interest to allow the agency to move forward with the child protection case as though the contents of the petition are true but does not wish to admit to potentially criminal conduct, petitioners ask this court to require the parent to deny the allegations and go through an evidentiary hearing—causing further avoidable delays. Petitioners' reading of the statute would also

---

[1]As noted previously, district attorneys have often agreed to no-contest pleas in other cases. Petitioners provide no explanation for why a no-contest plea would undermine reunification efforts when a district court accepts the plea on its own but would not undermine those efforts when offered by the district attorney.

potentially require the parent in this situation to choose between their child's best interest and their own constitutional right not to be compelled to testify against themself criminally. *See* U.S. Const. amend. V (stating that no one shall be compelled to be a witness against themself in a criminal proceeding). In our reading, NRS 432B.530 does not require this. The parent has an opportunity to admit or deny the allegations but is not strictly confined to *only* those two options.

Petitioners further argue that by accepting a plea of no contest over the objection of the district attorney, a district court would violate the separation-of-powers doctrine. Charging decisions and negotiations are primarily the function of the district attorney. Assurances such as a promise not to bring criminal charges or decisions to remove certain allegations from the petition would fall within the function of the district attorney rather than with the judicial branch. *Cf. Righetti v. Eighth Jud. Dist. Ct.*, 133 Nev. 42, 46, 388 P.3d 643, 647 (2017) (stating a district court would violate the separation-of-powers doctrine by accepting a defendant's guilty plea as to only certain charges or theories alleged because "the executive branch maintains almost exclusive control" over charging decisions). But a court's acceptance of a no-contest plea, in and of itself, does not venture into these functions.

Here, the district court made clear on multiple occasions during the plea hearing that there was no negotiation and the court's acceptance of the no-contest plea would not come with any assurances from the District Attorney that items discussed following the plea would not be used in any potential criminal case brought against Bellamy. Further, Bellamy pleaded no contest to the entirety of the petition brought forward by DFS. The district court did not allow her to plead no contest to only portions of the petition or to other allegations not contained in the petition, and thus, it did

not infringe on the functions of the District Attorney. Because the district court in this case acted within its authority under the statute and did not engage in negotiations or charging functions, petitioners' contention that the district court exceeded its jurisdiction in violation of the separation-of-powers doctrine is without merit.

Nevada law plainly recognizes the potential harm to children caused by delays in resolving child protection cases, and it mandates expedited proceedings to mitigate such harm. When the district court is presented with an opportunity to expeditiously and efficiently resolve proceedings to connect a family with needed services or to move forward with reunification or proper placement, the court not only may, but should, take that opportunity. Accordingly, we hold that a district court may properly accept a no-contest plea in this context. This reading of NRS 432B.530(2) gives effect to the Legislature's intent to provide for the expeditious resolution of petitions alleging that a child requires protection. It further allows a district court to move forward on the contents of the petition without the added conflict of an evidentiary hearing and without requiring a party to admit to potentially criminal conduct. The district court therefore did not manifestly abuse its discretion or act in excess of its jurisdiction in accepting Bellamy's plea.

## CONCLUSION

NRS 432B.530 provides a party with an opportunity to admit or deny the allegations contained in a petition. We hold that such an opportunity does not confine the party to strictly admitting or denying the allegations. Rather, a district court may properly accept a no-contest plea regardless of whether the district attorney offered a no-contest plea as part of negotiations. When a party does not contest the allegations, that will operate the same way as if they had admitted to the allegations for purposes

of the Chapter 432B proceedings. To be clear, nothing in this opinion should be read to authorize a district court to negotiate plea conditions on behalf of the district attorney. A no-contest plea simply allows the district court to move forward on the contents of the petition as though the allegations are true, avoiding unnecessary delay in situations where a parent does not wish to admit to criminal wrongdoing. Accordingly, we order the petition denied.

_____, J.
Parraguirre

We concur:

_____, J.
Bell

_____, J.
Cadish

_____, J.
Lee

STIGLICH, J., with whom HERNDON, C.J., and PICKERING, J., agree, dissenting:

When a statute is clear on its face, this court "give[s] effect to the statute's plain meaning and [will] not go beyond the plain language to determine the Legislature's intent." *Sonia F. v. Eighth Jud. Dist. Ct.*, 125 Nev. 495, 499, 215 P.3d 705, 707 (2009). I dissent because NRS 432B.530 is clear on its face: At a hearing on the petition, a party may either admit or deny the allegations. I see no ambiguity in the language of the statute that would require us to look beyond its plain terms to determine the Legislature's intent.

The majority attempts to read ambiguity into the statute by pointing to NRS 432B.530's use of the word "opportunity," and then uses this ambiguity to determine, based on *public policy*, that a party must be provided the option to plead no contest. But the Legislature is fully capable of drafting statutes that include no-contest pleas as an option. *See* NRS 174.035(1). If the Legislature intended to allow no-contest pleas in NRS Chapter 432B proceedings, it could have done so. While I agree with the majority that swift resolution of NRS Chapter 432B proceedings is a worthwhile objective, I cannot agree that this objective allows the district court to accept a plea that is not contemplated by the statute. Because I

believe the district court manifestly abused its discretion in accepting a plea outside of the statutory framework, I would grant the petition.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Pickering