142 Nev., Advance Opinion 11

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM COSBY, JR.,<br>Appellant,<br>vs.<br>ANGELA LESLIE,<br>Respondent. | No. 89650 |

FILED

FEB 12 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Certified question under NRAP 5 concerning whether forced masturbation without genital or anal intrusion constitutes sexual assault under NRS 200.366. United States District Court for the District of Nevada; Gloria M. Navarro, District Judge.

*Question answered.*

Wooldridge Law Injury Lawyers and Nicholas Wooldridge, Las Vegas; Bonjean Law Group, PLLC, and Jennifer Bonjean, Brooklyn, New York, for Appellant.

Panish, Shea, Ravipudi LLP and Brian J. Panish, Rahul Ravipudi, and Robert Glassman, Las Vegas; Merson Law, PLLC, and Jordan K. Merson, Jordan K. Rutsky, Nathan E. Werksman, and Alice A. Bohn, New York, New York, for Respondent.

Kristy S. Holston, Chief Deputy Public Defender, Clark County, for Amicus Curiae Nevada Attorneys for Criminal Justice.

BEFORE THE SUPREME COURT, EN BANC.

26-07166

*OPINION*

By the Court, STIGLICH, J.:

A person commits sexual assault if he or she "[s]ubjects another person to sexual penetration, or forces another to make a sexual penetration on themselves or another," without the person's consent. NRS 200.366(1)(a). NRS 200.364(9) defines sexual penetration as "cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning." The United States District Court for the District of Nevada certified the following question to this court under NRAP 5: "Whether a person sexually assaults another, pursuant to NRS 200.366, when a perpetrator forces a victim to masturbate them with the victim's hand without their consent?" Because we interpret the intrusion clause of "sexual penetration" to require intrusion into a genital or anal opening of the body, we conclude that a perpetrator does not commit sexual assault under NRS 200.366 by forcing a victim to masturbate the perpetrator, so long as there is no intrusion into a genital or anal opening.[1]

*FACTS AND PROCEDURAL HISTORY*

Respondent Angela Leslie was one of ten plaintiffs to file a civil lawsuit against appellant William Cosby, Jr., in the United States District

---

[1]Because this certified question does not place the fellatio or cunnilingus elements of the "sexual penetration" definition at issue, we cabin our discussion to the intrusion clause: "any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another." Accordingly, our holding does not interpret or affect the fellatio or cunnilingus portions of NRS 200.364(9).

Court for the District of Nevada. The plaintiffs claim Cosby sexually assaulted them between 1970 and 1990 and seek damages for battery, assault, negligent and intentional infliction of emotional distress, and false imprisonment related to those assaults. The plaintiffs assert that the claims are viable today because NRS 11.217 eliminated the limitations periods for civil causes of action arising from sexual assault, as defined under NRS 200.366.

Pertinent here, Leslie claims that in the late 1980s or early 1990s, she was sexually assaulted by Cosby in his Las Vegas hotel room when he drugged her, covered her hand in lotion, and forced her to masturbate him by holding and moving her hand on his penis. Cosby moved to dismiss Leslie's claims, arguing that his alleged conduct does not amount to sexual assault and thus NRS 11.217 is inapplicable, thereby rendering Leslie's claims time-barred. The federal district court certified to us the question of whether a perpetrator forcing another to use their hand and masturbate the perpetrator qualifies as the type of sexual assault proscribed by NRS 200.366.

## DISCUSSION

"We have discretion under NRAP 5 to answer questions of Nevada law certified to us by federal courts when no controlling authority exists on those questions of law and they involve determinative matters of the case before the certifying court." *Mack v. Williams*, 138 Nev. 854, 856, 522 P.3d 434, 440 (2022) (citation modified). With respect to this certified question, there is no published Nevada precedent directly addressing the issue, and whether Leslie's claims are time-barred depends on whether Cosby's conduct constitutes sexual assault. Therefore, we exercise our discretion to answer this certified question. Because a certified question

"presents a pure question of law," we answer it de novo. *Echeverria v. State*, 137 Nev. 486, 488, 495 P.3d 471, 474 (2021).

The certified question before us is a matter of statutory interpretation. When interpreting a statute, our primary goal "is to give effect to the Legislature's intent." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). In doing so, we begin with the statute's text, *Kassebaum v. State, Dep't of Corr.*, 139 Nev. 311, 314, 535 P.3d 651, 655 (2023), assigning words their "plain and ordinary meanings," *Lofthouse v. State*, 136 Nev. 378, 380, 467 P.3d 609, 611 (2020). "If the statute's language is clear and unambiguous, we enforce the statute as written." *Hobbs*, 127 Nev. at 237, 251 P.3d at 179.

Under NRS 200.366, a person commits sexual assault if he or she "[s]ubjects another person to sexual penetration, or forces another to make a sexual penetration on themselves or another," without the person's consent. NRS 200.366(1)(a). "Sexual penetration" includes "cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning." NRS 200.364(9).

Cosby argues that, to qualify as penetration, an intrusion must be into the genital or anal openings of the body, whether the intruding instrument is a body part or an object. Leslie contends that when the intruding instrument is a body part, an intrusion into "any part of a person's body," including the hand, suffices. As evidenced by the parties' arguments, we are called to interpret the intrusion clause of "sexual penetration" as used in NRS 200.364(9).

Looking to the text of NRS 200.364(9), it does not define "intrusion." We thus turn to its ordinary meaning. "Intrusion" means "the act of intruding." *Intrusion, Merriam-Webster*, https://www.merriam-webster.com/dictionary/intrusion (last visited Jan. 15, 2026). In turn, "intrude" means "to thrust or force in or upon someone or something especially without permission, welcome, or fitness." *Intrude, Merriam-Webster*, https://www.merriam-webster.com/dictionary/intrude (last visited Jan. 15, 2026). By its plain language, the statute qualifies the type of intrusion that constitutes sexual penetration by identifying the subject of the intrusion and the two means of effectuating it. According to its terms, the intrusion must be "into the genital or anal openings of the body" and can be effectuated by the use "of any part of a person's body or any object."

Breaking down the nested language, we conclude that penetration encompasses (i) any intrusion of any part of a person's body into a genital or anal opening and (ii) any intrusion of any object manipulated or inserted by a person into a genital or anal opening. Thus, it is clear that sexual penetration under NRS 200.364(9)'s intrusion clause requires the act of thrusting or forcing a body part or an object into the genital or anal opening of the body. Given the statute's plain meaning, we conclude that a person does not commit a sexual penetration, and therefore does not commit sexual assault, by forcing their penis into another's hand.

*CONCLUSION*

Under a plain reading, NRS 200.364(9), in relevant part, unambiguously requires intrusion into a genital or anal opening, including when the intruding instrument is a part of the perpetrator's body. Given that NRS 200.364(9) and by extension NRS 200.366 require intrusion into a genital or anal opening, we hold that forced masturbation without such

intrusion does not constitute sexual assault under NRS 200.366. Accordingly, we answer the certified question in the negative.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Bell

_____, J.
Lee